BijACKPORD, J.
This was an action of assumpsit brought by The State Bank of Indiana against John Sheets, Benjamin W. Grover, Lewis Sheets, and Nelson Lodge. The writ was returnable to the September term, 1841, and was returned executed on Lewis Sheets and Nelson Lodge, and as to the other defendants as follows : “ Two of said defendants, John Sheets and Benjamin W. Grover, not found in my bailiwick; and I did not go to said Benjamin W. Grover s house by *order of plaintiff’s attorney. ” The cause of actiop, as described in the declaration, was a promissory note executed by John Sheets and Benjamin W. Grover to Lewis Sheets, negotiable and payable at a branch of the State Bank, indorsed by the payee to Nelson Lodge, and by the latter to the plaintiff. At the September term, 1841, the defendants appeared and filed their plea of non assumpsit, and the cause was continued. At the March term, 1842, the parties appeared and the cause was again continued. At the September term, 1842, the following entry ap'pears of record: “ The parties come, and the defendants withdraw their plea and also their appearance by them heretofore entered; and it appearing to the satisfaction of the Court, that the process has been duly served on Nelson Lodge and Lewis Sheets, two of the defendants, &e., and returned ‘ not found ’ as to John Sheets and Benjamin W. Grover, the other defendants; and said Nelson Lodge and Lewis Sheets being three times called come not but make default j it is therefore considered that the plaintiff recover of said Nelson Lodge and Lewis Sheets the sum of,” &o.
This is a suit against four persons on a promissory note negotiable and payable at a bank within the State, two of the defendants being alleged to be makers, and the others indorsers *601 of the note. To authorize the judgment by default against two of the defendants only, it was necessary that there should have been a return of “ not found ” as to the others. There is such a return as to John Sheets but not as to Grover. The statute enacts, that the sheriff shall not return the process of “ not found ” as to any defendant, unless he shall have been once at least at his usual place of residence if he have any. R. C., 1838, p. 447. The sheriff in this case returns “ not found ” as to Grover, but states in his return, that he did not go to his house by order of the plaintiff’s attorney. It appears, therefore, that there is no legal return of “ not found ” as to Grover.
G. Cushing and J. G. Marshall, for the plaintiffs.
S. G. Stevens, for the defendant.
The plaintiff contends that as all the defendants appeared and pleaded to the action, the objection as to want of service of the writ or any of the defendants was waived. But supposing there were in the record such an appearance and plea, the judgment would still be erroneous, because then it would *appear that the judgment should have been rendered, if at all, against all the defendants. Goodlet v. Britton, at this term. The record, however, shows that the. appearance and plea were withdrawn, which left the case as if there had b§en no appearance and plea.
This is, therefore, a suit against four persons on contract, process being served on two of them, a return of “ not found ” as to one of the others, and no legal return as to the other; and a judgment by default rendered against the two upon whom the writ was executed. The judgment, under these circumstances, can not be sustained.
Per Guriam.—-The judgment is reversed with costs. Cause remanded, &c.