JONES et al. *v.* STEVENS.

PRACTICE — APPEARANCE *cures defective summons.* Defendants who appear and move a continuance of the cause waive defects in the summons.

PRACTICE — DAMAGES *must be assessed by jury in certain cases.* In an action of trespass to recover damages for diverting water from an irrigating ditch, if the defendants are defaulted, the damages must be assessed by a jury.

*Error to Probate Court, Jefferson County.*

HALLETT, C. J., did not participate in the decision.

Mr. J. B. SMITH and Mr. G. F. CROCKER, for plaintiffs in error.

Mr. ALFRED SAYRE, for defendant in error.

Per CURIAM. The defendant in error, who was the plaintiff below, brought his action to the January term, 1865.

At that term, the defendants below appeared and moved the court to continue the case upon affidavit filed, which continuance was granted at the costs of the applicants. At the February term following, the plaintiffs in error filed a motion to dismiss the cause, which was overruled by the court. The case was then continued at the instance of the court. At the April term following, the attorneys of Jones came and withdrew their appearance, whereupon the attorney of Stevens took judgment for want of a plea, and the court proceeded to assess the damages without having summoned a jury for that purpose.

It is claimed by the plaintiffs in error, that the original writ having been signed by A. O. Patterson, as deputy to the county clerk, Carpenter, is void because no deputy was authorized to act in this behalf as clerk of the probate court. We do not think it necessary to inquire into this question, because whether the process was void or voidable only, inasmuch as the plaintiffs appeared in the cause and moved a continuance of the case, they must be held to have waived any irregularity in the process. The purpose of

process, like that of a summons, is to bring the parties into court and advise them in brief of the nature of the proceedings against them. It is essential that objection be made to the process at the earliest time when they shall appear in court in response to the summons. If they can take any other steps in the cause, and claim afterward to object to the validity of the process, they can do so through all the stages of the cause up to the time of the verdict, until the error or irregularity will be cured by the verdict. Here they moved a continuance upon affidavit and it was allowed.

In the interval between the terms of the court, an *alias* summons might have been obtained, and the parties brought into court by process not liable to the objection insisted upon. The case in 6 Blackf. 557, appears to have been decided upon the ground that a voluntary appearance can be withdrawn at any time, a doctrine condemned by a majority of the court in *Dana et al.* v. *Adams*, 13 Ill. 693. In this case the appearance was withdrawn, and we are urged to presume that the withdrawal was with the leave of the court. But we incline to think that there was no leave of the court given in the premises, but that the court recorded the withdrawal as a faithful record of the proceedings, without either assenting or denying the right of withdrawal. The defendants below took all the responsibilities of their own act, and not having asked the leave of the court to withdraw their appearance, it must be presumed they did it at their own responsibility as to the consequences.

In the case of *Easton et al.* v. *Altum,* 1 Scam. 250, and authorities there cited, it is held, that whether the writ be void or not, the defendant took such steps that he was regularly in court whether there was process or not.

The next point claimed as error is, that the court proceeded after judgment, in default of a plea, to assess the plaintiff's damages without a *venire* for a jury. In all cases at common law, where judgment is entered upon default, a writ of inquiry was necessary to ascertain the measure of damages due to the party complainant. Our

statute, section 6, acts of 1861, page 279, so changed the common-law rule as to permit the clerk to assess the damages in cases where the action is brought upon an instrument in writing for the payment of money only, and when the damages rest in computation. In this case the suit was brought to recover damages in an action of trespass on the case for obstructing and diverting a water-course or ditch from the lands of Isaac Stevens. The act of the legislative assembly of 1864, section 6, page 118, provides, that the probate courts shall be governed by the rules of practice prescribed for the district courts, and the rule of practice in the assessment of damages in the district court by the clerk is limited to cases where the action is brought upon a penal bond or an instrument of writing for the payment of money only, resting in computation.

But it is claimed that, by the tenth section of the act concerning probate courts and justices of the peace in certain counties (page 119, Sess. Laws of 1864), that no jurors shall be summoned to the terms of the probate courts as is required before the district courts, but that, in all cases, if either party shall demand a jury, a *venire* shall issue as in cases before justices of the peace.

We cannot think that this section can be construed to authorize the assessment of damages by the clerk or the court in any other cases except when the damages rest in computation as heretofore mentioned. It was obviously the duty of Stevens to demand a jury in a case where the clerk, or the court acting as its own clerk, could not assess the damages by the practice or rules of the common law. Stevens, not having demanded a jury, as he had a right to do, to assess the damages, and the court, without authority by statute or common law, having done so, is clearly error.

The probate court, by the terms of the amendatory act of 3d March, 1863, possessed full common-law jurisdiction. A *venire* to the sheriff to have a jury to assess the damages of Stevens, according to the practice of the courts of common law, was the true mode of procedure in this case, because the defendant, Jones, could not be taken to have

waived the assessment by a jury, inasmuch as he was not present in court contesting the case. The act of 1864, tenth section, only provides that no jurors shall be summoned to the *terms* of the probate court, etc. We think that, in the absence of the defendants, Stevens should have demanded a jury, not in virtue of the tenth section aforesaid, but under the practice of the district courts, as is provided in section 15 of the practice act, and that, without that demand, it was the duty of the court to have awarded the *venire.* When both parties are present in court, and neither demand a jury to assess the damages, and defendants tacitly submit to the finding of the court without objection, is quite another question.

*By the Court.* Judgment reversed with costs, and cause remanded.

*Reversed.*