CREIGHTON *v.* KERR et al.

APPEARANCE — *effect of withdrawing.*   If a defendant enter an appearance in a cause, in which he has not been served with process, and afterward withdraw his appearance, "without prejudice to the plaintiffs," the plaintiffs are in the same position, as if such appearance had not been withdrawn or in any manner qualified.

The appearance, to all intents and purposes, still stood as a waiver of process, and sufficiently supported the judgment *nil dicit* which was afterward given.

APPEARANCE — *effect of in proceeding in rem.*   If, in a suit in attachment, in which service of process has not been made, the defendant enter his appearance, the character of the proceeding is changed from an action *in rem* to an action *in personam.*

ATTACHMENT — *if defendant appear, plaintiff not limited to amount specified in affidavit.*   If, in such action, the defendant withdraw his appearance, "without prejudice to the plaintiffs," the plaintiffs are not limited to the amount or causes of action specified in the affidavit in attachment, but may take judgment upon the declaration for an amount not exceeding the damages laid therein.

*Error to District Court, Arapahoe County.*

SUIT commenced by attachment to the June term, 1870 ; amount specified in the affidavit $5,563.50.   Cause of action

in the affidavit, for telegraph poles and labor and material furnished by the plaintiffs to defendant. The declaration contained the common counts for work and labor, for telegraph poles, goods, wares and merchandise, for money paid, laid out and expended, and a count upon an account stated; the damages were laid at $8,000.

At the October term, 1870, the defendant appeared by Charles & Elbert, his attorneys, and submitted to a rule to plead within ten days. Afterward, and before the expiration of the ten days, an order was entered of record in the cause, as follows:

"Now on this day came Messrs. Charles & Elbert, and withdrew their appearance as attorneys for the said defendant, without prejudice to the plaintiffs."

Afterward, and at the same term, the plaintiffs obtained judgment against the defendant for $8,000 and costs.

Messrs. BELDEN & POWERS and Messrs. CHARLES & ELBERT, for plaintiff in error.

Messrs. SAYRE & WRIGHT, for defendant in error.

WELLS, J. It appears to us that the withdrawal of the appearance which was entered on the part of the plaintiff in error in the court below, whether it be regarded as the act of the attorneys merely or as the act of the defendant himself, left the plaintiffs below in precisely the same position as if it had not been withdrawn or in any manner qualified. If we are to give any effect to the words of the record of this proceeding, they impart a stipulation by the defendant, or at least a condition imposed by the court, that the plaintiffs shall not lose any advantage which, by reason of the appearance, they had gained. The appearance, to all intents and purposes, still stood as a waiver of process, and sufficiently supported the judgment *nil dicit*, which was afterward given.

And this, we think, also disposes of the second question which is presented by counsel, for, if we consider the appearance which was interposed on behalf of the defend-

ant, as still so far subsisting as to waive the necessity of process ; if the plaintiffs, notwithstanding the withdrawal of the defendant's attorneys, still maintained their advantage in this respect, it follows that there was still an appearance subsisting on behalf of defendant for all purposes where such appearance could afford the plaintiff any advantage.

Therefore, the attachment which, in the first instance, was but a proceeding *in rem*, and which, by the defendant's appearance, had assumed the character of an action *in personam*, still remained of the same character after the appearance was withdrawn, and the plaintiffs were still entitled to have judgment for whatever damages they might establish under their declaration within the limit of the *ad damnum* laid therein, whether the causes of action counted upon were the same as those mentioned in the affidavit or different. The position of the plaintiffs was the same as if the defendant had plead to the action and the issue had been tried by a jury ; and, in such cases, it has uniformly, we believe, been held that the plaintiff's recovery is not limited to the amount or causes of action specified in the affidavit.

We see no error in the record. The judgment of the court below is, therefore, affirmed.

*Affirmed.*