14 441
16 11
16 40

14 441
17 49

14 441
1a 131

14 441
8a 85

14 441
25 504

## Robertson v. O'Reilly et al.

Appeal — Failure of Appellant to Serve Notice Waived by General Appearance of Appellee. — In case of an appeal from the county court to the district court under the act of 1885 (Sess. Laws, 1885, p. 159) by a defendant some days subsequent to entry of judgment against him, his failure to serve notice of the appeal upon the plaintiff within five days after taking the same is waived and cured by a full appearance in the district court by the appellee and his participation in the action of the court in setting the cause down for trial *de novo*. Such action is a waiver of appellee's privilege to have the appeal dismissed or the judgment affirmed for failure to serve the required notice.

*Error to District Court of Pitkin County.*

Messrs. Porter, Plumb, Edward T. Taylor and J. W. Taylor, for plaintiff in error.

Messrs. Downing & Franklin, for defendants in error.

Richmond, C. This was an action originally commenced in the county court of Pitkin county by O'Reilly and Babcock, plaintiffs below, and judgment obtained therein against Robertson, defendant below, for the sum of

$792. Some time thereafter defendant perfected an appeal to the district court. On the 19th of July, 1886, plaintiffs filed a motion in the district court to affirm the judgment of the county court, which motion was granted. Thereupon defendant prosecuted this writ of error.

The record in this case shows that the appeal had been taken from the county court to the district court, transcript of record filed, and, at a regular term succeeding the appeal, plaintiffs and defendant appeared by their attorneys, and that at the February term, 1886, of the district court, at the request of J. M. Downing, attorney for plaintiffs, the cause was regularly set for trial, and thereafter, during that term, the defendant filed a motion for a continuance thereof until the next term of court; that said motion was, during said term, regularly heard by the court, and on the hearing thereof the defendant appeared by Plumb & Moore, his attorneys, and the plaintiffs appeared by Downing & Franklin, their attorneys; that said motion of continuance was allowed until July term, A. D. 1886; that on the 13th day of July, 1886, being one of the regular term days of said July term, said action was again regularly set for trial; and that thereafter plaintiffs submitted their motion to affirm said judgment because the appellants had failed to serve upon the appellees or their attorneys a notice of the appeal having been taken, as provided by section 4 of an act relating to appeals from county courts to district courts. Sess. Laws 1885, p. 159.

There are but two assignments of error: *First*, the court erred in sustaining the motion of the plaintiffs, filed July 19, 1886, to affirm the judgment of the county court in this action; *second*, the court erred in rendering judgment for said plaintiffs without first giving the defendant an opportunity to try the issue joined in said action by a regular trial in said district court. Both errors can be considered together.

The section of the Session Laws referred to reads as

follows: "If the appeal be not taken on the same day on which the judgment is rendered, the appellant shall serve the appellee, or his attorney of record, within five days after the appeal is taken, with a notice, in writing, stating that an appeal has been taken from the judgment therein specified, which notice shall be served by delivering a copy thereof to such appellee or his attorney of record. If the appellant fail to give notice of his appeal when such notice is required, the appellee may, at any time before notice is actually served, and after the time when it should have been served, have the judgment of the county court affirmed or the appeal dismissed, at his option.

The language of this section is simple and easily understood. Under it the unsuccessful party in the county court has a right of appeal, which may be taken on the same day on which judgment is rendered, or may be taken at some subsequent period of time. But, when taken on any day other than the day on which the judgment is rendered, it is incumbent upon him to serve the appellee or his attorney of record, within five days after the appeal is taken, with a notice, in writing, stating that an appeal has been taken from the judgment therein specified; and in case he shall fail to give such notice the appellee is entitled to appear in the district court, and have the judgment of the county court affirmed, or the appeal dismissed.

It is admitted that the appeal was not prayed on the day on which the judgment was rendered, but was taken within the time prescribed by the statute, and that no notice was served upon the appellee or his attorney. It is contended that the appearance of the appellee, and the setting of the cause for trial, participating in the motion for continuance, and at a subsequent term appearing and setting the cause for trial, was a waiver of the service of notice required by the section referred to. The right of appeal from the county court to a district court

is unquestioned. If the appeal was not perfected, the district court would have acquired no jurisdiction to affirm the judgment of the county court. Consequently, it is apparent that the jurisdiction of the district court over the subject-matter of the action in no way depends upon the service of the notice upon the opposite party; that it confers upon the opposite party a privilege of a personal character, which he may exercise at his option, of dismissing the appeal, or affirming the judgment,— a privilege which he waives when he enters a general appearance in the cause, and participates in the action of the court in setting the same for trial *de novo*. There can be no question but that, had the attorney appeared at the first term after the appeal had been taken, and then and there interposed his motion for dismissal or affirmation of the judgment, the court would have been warranted in granting such motion. This has recently been determined by this court in the case of *Hunt v. Arkell*, 13 Colo. 543, and also in *Law v. Nelson, ante,* p. 409.

It would be useless to cite the innumerable authorities in support of the proposition that plaintiffs' appearance in the district court for the purpose of having the cause set for trial, and arguing the motion for a continuance, was a general appearance, and that, by so appearing, they waived the personal privilege of having the judgment affirmed for want of service of notice of the appeal.

Their right to have the appeal dismissed, or judgment affirmed, depended entirely upon the want of service of such notice. Their appearance, so made, waived the notice, and deprived them of the right to make the motion.

Counsel argued that the legislature evidently intended that this provision requiring notice of appeal to be served should be rigidly enforced. "It doubtless required the service of such notice as one of the steps to be taken by appellant in the due prosecution of his appeal." This position is not tenable. The appeal is fully prosecuted,

and taken without notice.    Else, as has heretofore been said, the district court could by no method obtain juris-diction to affirm the judgment.

Both parties to this action undoubtedly overlooked the provisions of the section under discussion; the one to a period of time when it was too late for him to invoke the privileges conferred, and the other to a period of time within which he was liable to lose his right to a trial *de novo* in the district court.    While it is true that this court has not hitherto passed directly upon the question here involved, it is nevertheless clear that plaintiffs waived their right to the notice of the appeal by a general appearance in the cause in the district court for a purpose other than the enforcement of their statutory privilege of having the judgment affirmed, or the appeal dismissed.    Hence the district court erred in affirming the judgment of the county court.

The judgment should be reversed and the cause remanded for further proceedings.

PATTISON and REED, CC., concur.

PER CURIAM.    For the reasons stated in the foregoing opinion the judgment is reversed and the cause remanded.

*Reversed.*