## COBY v. HALTHUSEN.

1. DISMISSAL OF APPEAL — WAIVER OF PERSONAL PRIVILEGE.— The right conferred by section 4, page 159, Session Laws 1885, to have an appeal dismissed upon failure of appellant to perform certain specified acts, is a personal privilege which may be waived by appellee.

2. WHAT ACTS WILL AMOUNT TO A WAIVER.— When counsel for appellee, without interposing his motion to dismiss, appears and procures the postponement of trial to a succeeding term, and at the second term states that the cause will be ready for trial when reached in its order, and at the third term consents to setting it for trial, he waives the right to thereafter move for dismissal.

3. EVIDENCE OF WAIVER BY EXTRINSIC PROOFS.— And if it be clearly shown by extrinsic proofs that an unqualified appearance was made without interposing the motion to dismiss, the waiver should be recognized though the facts showing such appearance may not be affirmatively recorded upon the record proper.

4. MOTIONS TO DISMISS — DILIGENCE REQUIRED.— Motions to dismiss must always be presented at the earliest reasonable opportunity.

*Error to District Court of El Paso County.*

Mr. T. A. McMORRIS, for plaintiff in error.

Mr. J. L. WILLIAMS and Mr. A. E. PATTISON, for defendant in error.

PER CURIAM. The present writ of error is prosecuted for the purpose of reversing the action of the court below dismissing an appeal thereto from the county court. The appeal in question was not taken during the day on which the judgment was rendered, nor was a notice in writing served upon appellant's attorney of record within five days after the appeal was perfected. The action of the district court

in dismissing the same was in pursuance of the statute. Sec. 4, p. 159, Sess. Laws 1885. The statutory right in question is a personal privilege, which may be waived by appellee. *Robertson v. O'Reilly*, 14 Colo. 441. But, unless such waiver in some way took place, the judgment of the district court should be sustained.

The record proper before us does not recite all the orders and proceedings of the trial court after the taking of the appeal and prior to the motion to dismiss. We find nothing in the portion presented decisive upon the question of waiver.

The bill of exceptions, however, contains affidavits by each of the two opposing counsel. The affidavit of counsel for appellant recites certain facts relied upon by him as showing an abandonment of the right to dismiss the appeal. Among the matters recited are a number tending to establish a general appearance in the court below by counsel for appellee, and participation in proceedings connected with the cause, before interposing his motion to dismiss. The counter-affidavit of appellee's counsel contains no positive denial, specific or general, of these matters. It simply states that his first appearance in the district court was when he filed his motion to dismiss the appeal. This is merely counsel's legal opinion as to what constituted an appearance,— the very question the court was to consider and determine upon the proofs. For the purposes of the present review, we must therefore assume that the specific matters in question stated by appellant's counsel are true.

Acting upon the foregoing assumption, we find that at the first term of court subsequent to the taking of the appeal counsel for appellee was present, and objected to proceeding to trial, on the ground that it was not the custom of the court to try causes at the term at which they had been docketed; also that thereupon, in deference to counsel's further declaration that he did not want to try the cause at that term, it was continued; that at the second term subsequent to the appeal, when the cause was called,

counsel for appellee stated to the court that it would be for trial in its order when reached, but, since no civil actions were reached for trial, it went over that term. Again, that at the third term, and prior to interposing his motion to dismiss, counsel for appellee stated to the court, when interrogated with reference to setting the cause for trial, that it would not require a jury, and by consent of counsel for appellant it was thereupon left to be tried by the court before its adjournment. We also find that during all this time the name of counsel for appellee stood upon the judge's docket as attorney in the cause without objection.

The foregoing admitted facts unquestionably establish such an appearance in the court below as constituted a waiver of the right to insist upon a motion to dismiss, under the statute. It would no doubt be more regular and satisfactory if matters relied upon as showing a general appearance were in some way evidenced by the record proper or files of the cause; but we cannot say that the absence of such authentication should in all cases be held decisive of the question. Some of the facts above stated, touching the conduct of counsel for appellee in open court before interposing his motion, and others that might be mentioned, are of such a nature that they would not necessarily appear upon the judge's docket, the clerk's record, or the files.

The judge himself cannot be expected always to remember the conduct relied on as constituting a waiver. And this is especially true where, as in the present case, the participation of counsel for appellee extends through different terms of court.

If, therefore, it is clearly shown by extrinsic proofs that an unqualified appearance in open court was made and action taken or participated in, or rules or orders submitted to by counsel for appellee without interposing his motion to dismiss, we think the waiver should be recognized, though the fact of the appearance, participation or submission does not affirmatively appear by entries in the record proper.

In the present case, counsel's laches in failing to interpose his motion until towards the close of the third term of court after the appeal was taken, is an important additional consideration. Such motions as the one in question must be presented at the earliest reasonable opportunity. Counsel does not deny that he knew of the appeal and also knew that his name appeared for appellee upon the docket, and he gives no valid excuse for not sooner submitting his application to dismiss. The judgment of the district court is reversed.

*Reversed.*