J. W. HAYES, APPELLANT, v. S. B. JAMES, APPELLEE.

AFFIRMANCE OF JUDGMENT OF COUNTY COURT ON APPEAL TO DISTRICT
    COURT.—An appeal from the judgment of a county court to the
    district, under the act of 1885, not being taken on the day the judg-
    ment was rendered, and notice thereof not being served on the
    opposite party in time and manner required by the statute, the
    appellee was entitled to an affirmance of the judgment.  This right
    was not waived by failure of his counsel to move for the affirmance
    on the first day of the succeeding term of the district court, al-
    though the judge on that day noted the case for jury trial on the
    preliminary call of the docket.

*Appeal from District Court of Las Animas County.*

Mr. CALDWELL YEAMAN & Mr. BO. SWEENEY, for ap-
pellant.

Mr. WM. E. BECK & Mr. C. W. LESTER, for appellee.

RICHMOND, P. J.   This appeal is prosecuted for the pur-
pose of reversing the action of the court below in affirming
a judgment of the county court appealed to the district court.
The appeal from the county to the district court was not
taken during the day in which the judgment was rendered,
nor was a notice in writing served within five days after the
appeal was perfected.

The action of the district court in affirming the judgment
was in pursuance of the statute.  Section 4, page 159, Session
Laws 1885.   The statutory right in question—having the
appeal dismissed or the judgment affirmed—is a personal
privilege which may be waived ; unless waived the judgment
must be sustained.

The contention of appellant is that the appellee, prior to
his motion of affirmance of the judgment, waived the privi-
lege by a general appearance, and in support of his conten-
tion he calls our attention to the following portion of the

record, to wit: " Be it remembered that heretofore at the regular September term 1889 of the district court within and for the county of Las Animas, aforesaid, and subsequent to this cause being placed upon the docket of the said court on appeal from the county court, and on the first day of said term, said cause was called on the first call of the docket and it was then announced by the attorneys of record for the respective parties herein, Dunbar & Lester for plaintiff and Caldwell Yeaman and Bo. Sweeney for defendant, that said cause was at issue and that it was a case for jury trial, which facts were noted by the judge upon his docket by entering thereon the letters 'I' and 'J,' meaning at issue and jury trial, but no formal record thereof was made upon the records of said court, and said cause was not at said time or any other time set down for trial."

The contention of appellant is that this was such a general appearance as should preclude the plaintiff from insisting upon an affirmance of the judgment, and in support of this contention he cites the case of *Coby v. Halthusen*, 16 Colo. 10 ; and *Robertson v. O'Riley*, 14 Colo. 441.

We cannot concur in this view. The cause was appealed and the appeal perfected from the county to the district court at the succeeding September term of that court. The appeal being perfected it was the duty of the clerk of the district court to place the same upon the trial docket.

On the first day of that term, as is customary in *nisi prius* courts of this state, the docket was called and the cause marked as at issue and for jury trial. It is true that the attorneys for the respective parties were present, yet the record in this case fails to show, by affidavits or otherwise, that the attorney representing the appellee indicated by word or sign his purpose to try the cause and waive his right to ask the court for an affirmance of the judgment.

Certain it is that at the succeeding term, which was a special term of that court for the trial of criminal causes, notice was served of the intention of appellee to ask the court for an affirmance of the judgment. It is equally cer-

tain that the attorneys for the appellant appeared and consented that the cause should be continued for argument on motion until the succeeding regular term of court, and that at that term the attorneys for both parties appeared and argued the motion based upon the statute, and not until the court below had determined and passed upon the question was it ever suggested that the appellee had waived, by general appearance, his right.

We cannot declare that without some evidence or some record, a general appearance was ever entered in this case by appellee. He had a right to appear for the purpose of asking for an affirmance of the judgment or a dismissal of the appeal. In the case of *Robertson v. O'Riley*, *supra*, the circumstances were radically different from those recited in the record here, and, so too it may be said of the case of *Coby v. Halthusen*, *supra*. In the one an appearance was entered and a continuance asked; in the other an appearance was entered and the cause was continued from term to term, for a period of three terms, and affidavits were submitted to the effect that the notice provided for by the statute was waived verbally between the attorneys. In this particular case now under consideration the record of the court below discloses no admission on the part of attorney for appellee indicating that he appeared generally for the trial of the cause, nor is there any affidavit filed showing that he had by word or act so appeared.

We do not think that the circumstances in this case warrant us in reversing the judgment.

The judgment of the court below must be affirmed.

*Affirmed.*