27 P. 893 
1 Colo.App. 133
 JENKINS v. TYNON. 
Court of Appeals of Colorado
October 12, 1891

 
 Appeal
 from district court, Arapahoe county; W.S. DECKER, Judge.
 
 
 Action
 of forcible entry and detainer by James Tynon against Henry
 Jenkins. From a judgment in favor of plaintiff, defendant
 appeals. Affirmed.
 
 
 N.B.
 Bachtell, for appellant.
 
 
 Coe &
 Freeman and Geo. L. Sopris, for appellee.
 
 
 REED,
 J.
 
 
 The
 N.E. 1/4 of the N.E. 1/4 of section 33, township 40 S., range
 67 W., in the county of Arapahoe, was embraced in a grant
 made by the government to the Union Pacific or Kansas Pacific
 Railroad Company, but was never conveyed to the company, and
 the title remained in the government. The railroad company,
 by virtue of its grant, assuming to be the owner, contracted
 a sale of it, in connection with the balance of the quarter
 section, to one James Cozad, who made partial payments,
 improved and occupied it, and sold his interest to Tynon,
 (appellee,) and conveyed it by quitclaim deed. Tynon
 afterwards obtained a warranty deed to the land from the
 company, and [1 Colo.App. 134] by himself, lessees, and
 tenants had sole and exclusive possession until the 4th day
 of March, 1889, when Jenkins (appellant) entered into the
 possession of the house and premises, claiming a right to
 occupy the 40-acre tract, and dispossess appellee. A question
 having arisen between the government and the corporation in
 regard to the right of the latter, the conveyance to the
 corporation was suspended, and the title remained, as above
 stated, in the government. The government also refused to
 regard the land as open to settlement under the laws of
 congress, and refused to allow parties to occupy and take the
 necessary steps to acquire a title. While the land in
 question was in this situation, on the 24th of January, 1887,
 one Dryfus made application to the local land-office to be
 allowed to claim it under
 [27 P. 894.] 
 the homestead act, which application was refused under
 instructions from the land department of the United States.
 On September 3, 1887, J.B. Cozad made application under the
 timber-culture act, which was likewise rejected. On April 3,
 1888, appellant applied to file upon and occupy the land
 under the homestead act, and his application was also
 rejected. It was upon such proceeding and rejection of his
 application that he assumed the right to evict the appellee,
 and enter into possession of the land. This suit was brought
 originally in the county court; was tried to the court,
 resulting in favor of appellee on December 11, 1889. An
 appeal was taken to the district court, a trial had to a jury
 on March 11, 1890, also resulting in a judgment for appellee,
 from which this appeal was taken.
 
 
 Several
 errors are assigned, but none are found sufficiently
 important to warrant a reversal. The principal question of
 fact was as to the possession of appellee. There was
 uncontradicted evidence of long prior actual possession. Mr.
 Marvin, a former tenant, testified that he moved out of the
 house the last part of February, 1889, probably the 20th or
 22d of the month. When he left, the house was locked, the
 windows nailed down, gates shut, and barn-doors fastened. Mr.
 Pritchard testified that he leased the property on the 4th of
 [1 Colo.App. 135] March, 1889; paid his rent; moved out on
 the 6th for the purpose of taking possession and occupying
 the property; found appellant in possession; on the 7th he
 surrendered his lease. Mr. Robinson was the next tenant,
 leasing on March 7th; went out and found appellant in
 possession of the house, in which he remained some days,
 until he built another house on the same land, which was
 about the 13th or 14th of March, when he (Robinson) moved
 into the house, and retained the possession: was living there
 at the time the case was tried. Appellant also occupied the
 small house built by himself. The jury was warranted in
 finding the possession in appellee. That he was in under
 color of title has been already shown. In this action
 (forcible entry and detainer) title could not be tried, but
 the muniments of title put in evidence by appellee have
 always been held admissible to show the character of the
 possession. It was not error to admit the title-papers for
 that purpose. A right to disturb and dispossess a party
 legally in possession could not be predicated upon a refusal
 of the departmental officers to allow him the occupation and
 possession. His claim to the right is not based upon a
 consent, but upon a refusal of the government to grant a
 consent. Having shown no right whatever to the possession of
 it, the taking of it was a wanton and unwarranted invasion of
 the rights of another, as shown by the evidence. Admitting,
 as claimed by appellant, that the land was a part of the
 public domain, yet, it being in the actual possession of
 appellee, such possession was entitled to legal protection.
 
 
 Appellant
 insisted that, as there was no one in actual, immediate
 possession at the time of the entry, the possession had been
 abandoned. This was not sustained, but contradicted, by the
 evidence. Abandonment is always a question of intention,--the
 fact, when relied upon, must be proved like any other
 material fact. The case of McCartney v. McMullen, 38 Ill.
 237, and others, relied upon by counsel for appellant, fail
 to sustain his [1 Colo.App. 136] contention in regard to the
 character of the possession necessary to maintain this
 action. In McCartney v. McMullen the possession was not
 actual, only constructive,--such as a party has simply by
 virtue of ownership. There were no buildings upon the land,
 nor improvements of any kind, and the only acts of possession
 proved were occasional entries for cutting and removing
 firewood, etc. The forcible entry and detainer act of
 Kentucky is the same as that of Illinois, and ours that of
 the latter state, and in the discussion contained in the
 opinion in McCartney v. McMullen the learned judge cites and
 approves Brumfield v. Reynolds, 4 Bibb, 388; Stewart v.
 Wilson, 1 A.K. Marsh. 255; and Chiles v. Stephens, 3 A.K.
 Marsh. 347,--as cases where the action could be maintained,
 although neither the owner nor tenant were in the actual,
 personal occupancy at the time of the entry. The parallelism
 of those cases with the one under consideration will at once
 be apparent upon examination; notably, that of Chiles v.
 Stephens. The proof of payment of taxes was unnecessary, and
 should not have been allowed. It did not tend to prove
 possession, nor define the right by which possession was
 held; but, as all the facts were before the jury, it could
 not have been misled by the proof under the instructions of
 the court.
 
 
 The
 contention that the court erred in refusing the instructions
 prayed by appellant cannot be sustained. The first and third
 were proper, but they, in substance and effect, were given in
 the instructions of the court. The second and fourth were
 very properly refused. Error is also assigned upon the
 instruction given by the court. On a careful examination of
 it as a whole, we do not think it erroneous, but a fair,
 clear statement of the law of the case. The judgment of the
 district court should be affirmed.