27 P. 894 
1 Colo.App. 130
 HAYES v. JAMES. 
Court of Appeals of Colorado
October 12, 1891

 
 Appeal
 from district court, Las Animas county; JULIUS C. GUNTER,
 Judge.
 
 
 This
 was an action by S.B. James against J.W. Hayes. From a
 judgment of the district court affirming a judgment of the
 county court in pursuance of Sess.Laws Colo.1885, p. 159,
 defendant appeals. Affirmed.
 [27 P. 895.] 
 
 Caldwell
 Yeaman and Bo. Sweeney, for appellant.
 
 
 Wm. E.
 Beck and C.W. Lester, for appellee.
 
 
 RICHMOND,
 P.J.
 
 
 This
 appeal is prosecuted for the purpose of reversing the action
 of the court below in affirming a judgment of the county
 court appealed to the district court. The appeal from the
 county to the district court was not taken during the day in
 which the judgment was rendered, nor was a notice in writing
 served within five days after the appeal was perfected. The
 action of the district court in affirming the judgment was in
 pursuance of the statute. Section 4, p. 159, Sess.Laws, 1885.
 The statutory right in question--having the appeal dismissed
 or the judgment affirmed--is a personal privilege, which may
 be waived; unless waived, the judgment must be sustained. The
 contention of appellant is that the appellee, prior to his
 motion of affirmance of the judgment, waived the privilege by
 a general appearance, and in support of his contention he
 calls our attention to the following portion of the [1
 Colo.App. 131] record, to-wit: "Be it remembered that
 heretofore, at the regular September term, 1889, of the
 district court, within and for the county of Las Animas,
 aforesaid, and subsequent to this cause being placed upon the
 docket of the said court on appeal from the county court, and
 on the first day of said term, said cause was called on the
 first call of the docket, and it was then announced by the
 attorneys of record for the respective parties herein, Dunbar
 & Lester for plaintiff, and Caldwell Yeaman and Bo. Sweeney
 for defendant, that said cause was at issue, and that it was
 a case for jury trial, which facts were noted by the judge
 upon his docket by entering thereon the letters 'I'
 and 'J,' meaning 'at issue' and 'jury
 trial,' but no formal record thereof was made upon the
 records of said court, and said cause was not at said time,
 or any other time, set down for trial." The contention
 of appellant is that this was such a general appearance as
 should preclude the plaintiff from insisting upon an
 affirmance of the judgment, and in support of this contention
 he cites the cases of Coby v. Halthusen, (Colo.Sup.) 26 P.
 148, (Feb. 27, 1891,) and Robertson v. O'Reilly, 14 Colo.
 441, 24 P. 560. We cannot concur in this view. The cause was
 appealed, and the appeal perfected from the county to the
 district court at the succeeding September term of that
 court. The appeal being perfected, it was the duty of the
 clerk of the district court to place the same upon the trial
 docket. On the first day of that term, as is customary in
 nisi prius courts of this state, the docket was called, and
 the cause marked as at issue and for jury trial. It is true
 that the attorneys for the respective parties were present,
 yet the record in this case fails to show, by affidavits or
 otherwise, that the attorneys representing the appellee
 indicated, by word or sign, his purpose to try the cause, and
 waive his right to ask the court for an affirmance of the
 judgment. Certain it is that at the succeeding term, which
 was a special term of that court for the trial of criminal
 causes, notice was served of the intention of appellee to ask
 the court for an affirmance of the judgment. It is equally
 certain [1 Colo.App. 132] that the attorneys for the appellant
 appeared and consented that the cause should be continued for
 argument on motion, until the succeeding regular term of
 court, and that at that term the attorneys for both parties
 appeared and argued the motion based upon the statute; and
 not until the court below had determined and passed upon the
 question was it ever suggested that the appellee had waived,
 by general appearance, his right. We cannot declare that,
 without some evidence or some record, a general appearance
 was ever entered in this case by appellee. He had a right to
 appear for the purpose of asking for an affirmance of the
 judgment or a dismissal of the appeal. In the case of
 Robertson v. O'Reilly, supra, the circumstances were
 radically different from those recited in the record here,
 and so, too, it may be said of the case of Coby v. Halthusen,
 supra. In the one an appearance was entered and a continuance
 asked; in the other, an appearance was entered, and the cause
 was continued from term to term for a period of three terms,
 and affidavits were submitted to the effect that the notice
 provided for by the statute was waived verbally between the
 attorneys. In this particular case now under consideration
 the record of the court below discloses no admission on the
 part of the attorney for appellee indicating that he appeared
 generally for the trial of the cause, nor is there any
 affidavit filed showing that he had by word or act so
 appeared. We do not think that the circumstances in this case
 warrant us in reversing the judgment. The judgment of the
 court below must be affirmed.