## [No. 3702.]

### CONLY v. BOYVIN.

APPELLATE PRACTICE—JURISDICTION OF SUPREME COURT.

The supreme court has no jurisdiction of an appeal from a judgment in replevin for the return of the property, where there was no finding of value of the property in the lower court, although the complaint alleged the value at $5,000 and the allegation of value was not controverted by the answer.

*Appeal from the District Court of Arapahoe County.*

Mr. JOHN T. BOTTOM, for appellant.

No appearance for appellee.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

This is an action in replevin, or, as denominated by the civil code, an action for the claim and delivery of personal property. It was begun by Louis Boyvin, the appellee, against John Conly, the appellant, a constable, to recover certain personal property levied upon by the defendant under writs of attachment. Plaintiff claimed the right of possession under a chattel mortgage. There was a trial before the court, without a jury, which found the issues joined for, and entered

a judgment upon the findings in favor of, plaintiff, that he have and recover possession of the property described in the complaint. There was an allegation in the complaint, not traversed in the answer, that the value of the property was $5,000. But there was no finding by the court as to the value. By section 1 of the court of appeals act, Session Laws, 1891, p. 118, it is provided:

"No writ of error from, or appeal to, the supreme court shall lie to review the final judgment of any inferior court, unless the judgment, or in replevin, the value found exceeds $2,500 exclusive of costs."

The parties themselves, neither in their pleadings, nor by stipulation, can fix the value of the property in controversy so as to confer appellate jurisdiction. When the case is tried before the court, without a jury, the court in its findings must ascertain, and when tried by a jury, the latter in their verdict must find, the value. This case having been tried by the court, and the court not having made any finding at all upon this issue, it is clear that we have no jurisdiction of this appeal, and it should accordingly be dismissed for that reason, and it is so ordered.

*Appeal dismissed.*