[No. 3770.]

LOVELAND'S ESTATE ET AL. v. THE UNION NATIONAL BANK OF DENVER.

1. PRACTICE—JUDGMENTS—AMENDMENTS.

Where a judgment was rendered against an administrator as administrator, but the clerk by mistake entered it against him personally, the judgment could be corrected, and in the absence of anything in the record to the contrary it will be presumed that the court was justified in causing the correction to be made.

2. PRACTICE—ADMINISTRATOR—APPEARANCE—WAIVER.

An administrator may by voluntary appearance in an action waive service of notice or summons.   Where a claim against an estate was

filed in the probate court after the date fixed by the administrator in his notice to creditors, without giving the administrator the ten days' notice of filing such claim as provided by statute, but the administrator voluntarily appeared and answered and resisted the allowance of the claim and appealed to the district court from a judgment entered on the claim and went to trial in the district court ·without raising the question of failure to serve notice, in either court, he waived the objection of failure of notice and could not thereafter raise the question.

3. PRACTICE—CLAIM AGAINST ESTATE—CONTINUANCE—WAIVER.

By voluntarily appearing and going to trial on the merits of a claim against an estate without raising the objection, the administrator waived the irregularity of a failure to enter a formal order, continuing the hearing upon the claim from time to time till the day of trial.

*Appeal from the District Court of Jefferson County.*

Mr. H. E. LUTHE, for appellants.

Messrs. CRANSTON, PITKIN & MOORE, for appellee.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

In the county court of Jefferson county, wherein administration was pending, the Union National Bank, on August 1, 1895, filed its verified claim against the estate of W. A. H. Loveland, deceased, for a balance of $4,000 and interest due on a promissory note executed by the decedent during his lifetime, and on the 27th of February, 1896, judgment was rendered in favor of the bank for $4,559.96, from which judgment the estate took an appeal to the district court.

Trial was had in the district court, and on the 9th of January, 1897, judgment was rendered in favor of the bank for $4,785.82, and this judgment is reviewed upon an appeal here.

1. The first error argued by counsel for appellants is that the judgment rendered was against the appellant Frank W. Loveland in person, whereas, if any judgment at all against him was proper, it should have been against him as administrator, payable in due course of administration.

The record shows that the judgment as originally entered by the clerk was against the administrator personally, but upon an application made by counsel for appellee the district court made an order correcting the judgment thus entered so as to make it read against Loveland as administrator. Counsel for appellants, however, contends that there was no authority in the district court to correct the entry of the judgment, because there was nothing to amend by, and while a recorded judgment may be corrected so as to make it speak the truth where the entry is the result of a clerical error, yet where the mistake is that of the court in causing a judgment to be entered which should not have been given, as is the case here, no correction can be made.

The assumption of fact by the appellants is not borne out by the record. The judgment as pronounced was one against Frank W. Loveland as administrator, and the mistake in entering it against him personally was solely that of the clerk, and we must presume, in the absence of anything in the record to the contrary, that the district court was justified in causing the correction to be made.

2. The principal error, however, relied upon is that neither the county court nor the district court had jurisdiction to render any judgment, either against the estate of W. A. H. Loveland, deceased, or against Frank W. Loveland, as administrator. The record, it is said, does not show that Frank W. Loveland, as administrator, was made a party, or that he voluntarily appeared in that capacity.

In the light of this record it is not material in our view whether the judgment went against the estate or Frank W. Loveland as administrator, for, as administrator, he entered into a stipulation in which he described himself as a party to the suit in that capacity, and consented that judgment should be entered against him in that capacity, reserving, however, the right to object on other grounds to the entry of any judgment. It is with respect to the latter contention that the principal reliance is had, and the principal argument directed.

It appears that the administrator published a notice to cred-

itors requiring them to file their claims against the estate on April 15, 1895. Before that day the bank presented the original note to the administrator, and left with him a verified copy. The claim, however, was not presented or filed in the county court on or before that day, but was left with the administrator at his request in order that he might investigate it to see if the signature of the decedent was genuine, and whether the claim should be allowed. He did not satisfy himself of this fact until after the return day had passed, but subsequently, and at the request of the bank, sent the verified claim to the county court where it was filed on the 9th day of August, 1895.

Section 4784, Mills' Ann. Stats. (Gen. Stats. sec. 3609) provides that persons having claims against an estate, upon giving the administrator ten days' notice of the time they intend to present the same, with a copy of the account or instrument of writing, whereon such claim is founded, may exhibit such claims against the estate at any term subsequent to the issuing of letters testamentary or of administration. The ten days' notice to the administrator in this case was not given by the claimant, but after the claim was filed in the county court the administrator voluntarily appeared and filed an answer or affidavit against its allowance, based solely upon his lack of knowledge or information as to whether or not the decedent signed the note, and upon this issue alone, upon the application of the attorney for the administrator, the cause was set for trial.

When the cause reached the district court, it was set for trial, and thereafter, upon the application of the administrator, the trial order was vacated, and, by consent, the case was reset for a later date. The parties then appeared and evidence was introduced by both of them, and no objection was made by the administrator or his counsel that notice was not given to the administrator that the claim was to be filed. The appellants, however, contend that if a claimant fails to exhibit his claim against an estate in the county court upon the day specified in the administrator's notice, he cannot there-

after file it or exhibit it, without first giving the administrator ten days' notice thereof; that this ten days' notice is in the nature of a summons, and is the process by which the county court gets jurisdiction, and without which the filing of a claim is improper, and all subsequent proceedings in the county court in passing upon the claim are without jurisdiction of the subject-matter, or of the person of the representative.

That the county court has jurisdiction of the subject-matter, viz: the allowance of the claim, is beyond argument. Equally certain is it that the district court had jurisdiction of the subject-matter upon appeal. We are relieved from the necessity of determining every step that should be taken by a claimant who files his claim after adjustment day, nor are we called upon to lay down the practice which the court should observe with such claims. Cases are cited like *Propst v. Meadows*, 13 Ill. 157, holding that a claim not allowed on notice day and not formally continued, loses its standing in court, and must again be duly exhibited, which, it is claimed, has been modified, or set aside, in the case of *McCall et al. v. Lee*, 120 Ill. 261.

Authorities are also called to our attention like *Metz v. The People*, 6 Colo. App. 57, declaring that if a creditor does not file his claim on the day designated by the administrator in his notice, he must give the administrator the statutory notice of the subsequent filing.

We may concede the correctness of every authority cited by the appellants under the facts of the cases in which they were announced, and may further concede that if the administrator had not personally appeared in the county and district courts, the judgments rendered would have been without jurisdiction, and therefore void. But the administrator did appear in the county court and filed his answer, not raising any question of lack of notice, or service thereof, and moved the court to have the cause set for trial on a day certain. When judgment went against him he appealed to the district court, and again, without raising any objection to the lack of notice,

voluntarily went to trial upon the sole issue of the execution of the note by decedent.

While it is the duty of an administrator to interpose all the presumptions and positive limitations of law known to him to exist against claims presented for allowance (*McCoy v. Morrow*, 18 Ill. 519; *Unknown Heirs of Langworthy v. Baker, Admr.*, 23 Ill. 484), on the other hand, it is not his duty to allure a claimant into a feeling of security, and thereby defeat a just claim. After entering a voluntary appearance in both courts without raising the question of lack of preliminary notice in the nature of initial process that gives to the court jurisdiction of the person, and going to trial on the merits, it is too late to object that such notice was not given or served.

So, also, the contention of the administrator that the claim lost its standing in the court because no formal order was made continuing hearing upon it from time to time and till the day of trial, is without merit now because of his voluntary appearance and going to trial without objecting to the alleged irregularity of the court in this respect. So far as we have examined, the authorities are that the administrator may waive service of notice or summons, and appear without it, which would give the court jurisdiction. Certainly, the rule in ordinary civil actions is to this effect, and it should not be different, and is not, in an adjudication of the claims of an estate. Hill's Probate Practice, 226; 2 Woerner on Administration, § 397; *State Bank v. Walker*, 14 Ark. 234; *Leake et al. v. Sutherland*, 25 Ark. 219; Horner's Probate Law, § 189; North's Probate Practice, § 475; *Jones et al. v. Stevens*, 1 Colo. 67; *Kurtze v. McCord*, 1 Colo. 164; *Creighton v. Kerr et al.*, 1 Colo. 509; *N. Y. & B. M. Co. v. Gill*, 7 Colo. 100; *U. P. Ry. Co. v. DeBusk*, 12 Colo. 294; *Robertson v. O'Reilly*, 14 Colo. 441 (quite in point in principal); *Coby v. Halthusen*, 16 Colo. 10; *Ruby Chief M. & M. Co. v. Gurley*, 17 Colo. 199; *Cunningham v. Bostwick et al.*, 7 Colo. App. 169.

It follows that the judgment of the district court should be affirmed, and it is so ordered.

*Affirmed.*