[No. 3949.]

THE FIRST NATIONAL BANK OF DENVER v. FOLLETT.

APPELLATE PRACTICE—JURISDICTION OF SUPREME COURT—ATTACH-MENT—INTERVENORS—VALUE OF PROPERTY.

In an attachment suit where the property attached was claimed by an intervenor and the judgment was in favor of the intervenor, but there was no finding of value either by the jury or the court, the supreme court has no appellate jurisdiction. The fact that the petition of intervention alleged the value at more than $2,500 and the allegation of value was not controverted, is not sufficient to confer jurisdiction.

*Appeal from the District Court of Arapahoe County.*

Mr. C. J. HUGHES, JR., Mr. BRANCH H. GILES, Mr. HENRY J. O'BRYAN and Mr. A. MOORE BERRY, for appellant.

Mr. ALFRED MULLER, for appellee.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

The First National Bank of Denver brought its action in the district court of Arapahoe county against A. L. Deane & Company, to recover a debt of $10,000 which it held against them. In aid of the action it sued out a writ of attachment and caused it to be levied upon a stock of goods in Denver which it claimed Deane & Company owned. Mrs. Follett, the appellee, filed her petition of intervention in the action, claiming the goods attached under a bill of sale from Deane & Company to her. Upon issues joined there was a trial before a jury, which returned the following verdict in favor of the intervenor: "We, the jury, find the issues herein joined for the intervenor." A judgment was entered by the court in accordance with the verdict of the jury, to the effect that the intervenor is the owner of, and entitled to have, and that she do have, possession of the property in controversy, which the sheriff was ordered to turn over to her. From the judgment as entered the bank appealed to this court. The cause has been submitted upon printed briefs, neither party questioning our jurisdiction to entertain the appeal.

It is manifest, however, that this court has no jurisdiction. Section 1 of the court of appeals act, Session Laws, 1891, p. 118, which controls, provides that no writ of error from, or appeal to, the supreme court shall lie to review a final judgment of any inferior court, unless the judgment, or in replevin, the value found, exceeds $2,500, exclusive of costs. The intervenor, instead of filing a petition of intervention, might have replevied the property in an independent action.

As between her and the bank, the action is not technically an action of replevin, but it is of that nature, and the same rule that governs our jurisdiction to review a judgment in replevin, applies to the judgment rendered in this proceeding. In every essential feature the case now before us is on all fours with *Conly v. Boyvin* (an action in replevin), 25 Colo. 498. It was there said: " The parties themselves, neither in their pleadings nor by stipulation, can fix the value of the property in controversy, so as to confer appellate jurisdiction. When the cause is tried before the court, without a jury, the court in its findings must ascertain, and when tried by a jury, the latter in their verdict must find, the value."

In the petition of intervention it was alleged that the value of the property was $8,000. Section 106 of the Civil Code of Procedure, under which the petition was filed, does not specifically require a petitioner to allege, or the jury to ascertain, and in their verdict return, the value of the property. But if either party desires a review by the supreme court of a judgment in such proceeding, he must see to it that, as in replevin, the jury or court make a finding of value, and that the judgment, as pronounced by the court, embodies the finding of value, which, to give this court jurisdiction, must be in excess of $2,500, exclusive of costs. These conditions not being present, the appeal should be dismissed, with leave to the parties, if they desire, to withdraw the transcript, abstracts, briefs, and other papers in the case.

*Dismissed.*