[No. 3572.]

### BURNHAM ET AL. v. GRANT ET AL.

1. APPEALS—*Freehold Involved—Remand.* An appeal from the district court, in a will contest, was transferred from the supreme court to this court. On motion to remand it appeared that substantially all the property of the testator consisted of an interest in the unsettled estate of a brother. Inasmuch as it did not appear that the estate of the deceased brother was solvent, nor but that resort to his realty might be necessary to discharge his liabilities, so that no share of the land of the deceased brother would ever pass to the testator, or those claiming under him, it was held that a freehold was not necessarily involved.

2. —— *Amount in Controversy.* On motion to remand an appeal transferred from the supreme court to this court, the reason assigned being that the judgment amounts to more than $5,000 exclusive of costs, the record presented no finding of the value involved, nor any testimony upon the point save the opinion of one witness, not supported by satisfactory reasons. The motion was denied and the court expressed the opinion that whoever would claim a right or benefit dependent entirely upon the values involved must see to it that the trial court makes a specific finding, and renders a judgment accordingly.

3. —— That the clerk of the court of appeals is one of the appellees and the presiding judge one of the attorneys for the appellees is no ground to remand the appeal.

*Appeal from Teller District Court.* HON. W. S. MORRIS, Judge.

Motion to remand denied.

Mr. WILLIAM C. ROBINSON, for appellant.

Mr. HORACE N. HAWKINS, Mr. GUY P. NEVITT, for appellees.

CUNNINGHAM, Judge.

Appellants have filed their motion to remand this cause to the supreme court upon the following grounds:

First.    That a decision in said cause necessarily involves and relates to a freehold.

Second.    That the judgment in said cause amounts to and in effect is a judgment for more than $5,000 exclusive of costs.

Third.    That A. W. Grant, one of the appellees, is the clerk of this court.

Fourth.    That the Honorable Tully Scott, the presiding judge of this court, is one of the attorneys for the appellees in this cause.

1.    A proper determination of the first and second grounds of the motion requires a brief statement of the case.    Frank J. Burnham died, leaving an instrument purporting to be his last will.    Substantially all of the decedent's property consisted of a one-third interest which, as heir at law, he had in the unsettled estate of his brother Thomas.    The estate of his brother Thomas consisted largely of land, and for this reason the appellants insist that a freehold is involved.    The action here involves the validity of the will of Frank J. Burnham, which was called in question by the appellants who contended that he was not of sound mind at the time the will was executed.    The appellants are brother and sister of Frank J. Burn-

ham. The sole legatee under the will of Frank J. Burnham bears no relation to him. Both the county and district courts found the testator to be of sound mind, and therefore upheld the will. The disposition of the case in this court will not necessarily take the title of the land belonging to the estate of Thomas Burnham from one of the litigants and vest it in the other. Indeed, various things may transpire during the course of the settlement of either one or both of the Burnham estates whereby not only will no real estate pass to the legatee under the Frank Burnham will, if the same be upheld, or to the heirs at law, if it shall be determined by this court to be a void instrument, but no cash or property of any sort may be left for distribution. For instance, it may become necessary to sell the real estate in order to pay debts, or it may be found impossible or impracticable to make distribution in kind, in which event the real estate would be sold and distribution, if any there be, be made in cash. Counsel for appellants says in his brief that, ''the record shows that the only unpaid claim against the estate of Thomas H. Burnham is a claim of this same Frank J. Burnham, and that the estate is entirely solvent, so that the record shows that the title to the real estate of Thomas H. Burnham which vested in Frank J. Burnham is good.'' Counsel does not call our attention, either in his opening brief or in his reply brief, to that portion of the record which supports the statement we have just quoted from his brief. It is true that the only claim against the Thomas Burnham estate referred to in the record is the claim of Frank Burnham. But we are not able to find in the record anything stating that this is the only claim against the Thomas Burn-

ham estate. On the contrary, we do find, at folio 1326-7 of the record, that one Craft was still pressing a claim which he held against the Thomas Burnham estate, and apparently threatening to bring suit upon it.

2. The evidence as to the value of the estate of Frank J. Burnham is not explicit or satisfactory. Only one witness gave testimony on this point, fixing the value, in his judgment, at approximately $10,000, but this valuation the witness testified was based upon an offer that had been made for the land belonging to the estate of Thomas Burnham. When the offer was made does not appear, nor do we know whether it was made by a responsible party. Moreover, there is nothing in the record to indicate what claims there may be against the estate of either Thomas or Frank Burnham, or what the cost of administering these estates will amount to. Hence it cannot be determined from the record before us whether a dollar will ever pass to the legatee or to the heirs at law. All the evidence we have on the subject is that the approximate gross value of the property that would come from Thomas Burnham's estate to Frank J. Burnham's estate is $10,000. Even this does not appear by the pleadings and only crops out incidentally as the judgment or opinion of one witness. The trial court made no finding whatever on the subject, and for this reason I think the judgment is not one covered by section six of the act of 1911 creating this court. *Conly v. Boyvine,* 25. Colo., 499. *Bank v. Follette,* 27 Colo., 512.

In the Conly case it is said:

"The parties themselves, neither in their pleadings nor by stipulation, can fix the value of the prop-

erty in controversy, so as to confer appellate jurisdiction.''

In *Fischer v. Hanna,* 21 Colo., 13, the supreme court indicates, at least, that under the statute regulating appeals, which is very similar to section 6, a money judgment is contemplated, for the court says:

''Counsel for appellants recognize that a money judgment against the parties appealing was essential,'' etc.

See also 2 Cyc.; 543-4.

Also *Nisbet et al. v. The Seigel-Campion Live Stock Co.,* No. 7807, decided by the supreme court during the present month. The evidence, unsupported by pleadings, or any judgment of the court, is not the correct test of the amount involved. *Kane v. Kane's Admr.,* 48 S. W., 446.

''Generally speaking, the value or amount in controversy must be made to appear affirmatively. If it cannot be ascertained, the appeal will be dismissed, and the burden is upon appellant to establish the jurisdiction. Mere uncertain inferences or speculations is not sufficient.'' 2 Cyc., 555. *Crum v. Pump & Lumber Co.,* 72 N. E., 588.

Under the authorities cited we think that not only is the burden upon the appellant, or the one claiming some right or benefit which must be determined entirely by the size and character of the judgment, to establish that the judgment is of the character and amount necessary to confer upon him the right or privilege for which he contends, but he must also see to it that the trial court makes a specific finding and renders judgment or enters a decree thereon to that effect. The mere impression of a witness that there is $5,000 involved falls far short

of a judgment, which is the only thing we may properly consider.

3. If we knew of any authority that would warrant this court in remanding the cause to the supreme court for the reasons set forth in the third and four grounds of the motion, or either of them, we should promptly avail ourselves of the same and grant the motion, but no such authority has been called to our attention. The motion to remand must therefore be denied.

*Motion to remand denied.*

SCOTT, Presiding Judge, not participating.