[No. 6042.]

ALVATER, ADMINISTRATOR, v. FIRST NATIONAL BANK OF CENTRAL CITY.

1. Judgment—Docket Entry—A transcript of the docket entry of a judgment is not an exemplification of the record, and cannot be received to establish a claim against a decedent's estate, under section 4787, Mills' Stats.—(531)

2. Decedent's Estate—Exhibition of Claims—The statute (Mills' Stats., § 4787) providing that the manner of exhibiting claims against the estate of a decedent shall be by filing a copy of the account or instrument in writing, "or an exemplification of the record on which such claim is founded;" the mere filing

of a transcript of docket entry of the judgment of another court is not sufficient; and this being the only exhibition of the claim it must be rejected as not presented within the statute of non-claim.    (Mills' Stats., § 4780.)—(531)

And such insufficient and ineffectual exhibition of the claim does not arrest the course of the general statute of limitations. —(532)

*Appeal from Gilpin County Court*—Hon. FLOR ASHBAUGH, Judge.

Mr. CHASE WITHROW, and Mr. W. E. WITHROW, for appellant.

Mr. JAMES R. SEARIGHT, for appellee.

CHIEF JUSTICE STEELE delivered the opinion of the court:

Some time during the year 1885, the First National Bank of Central City brought suit in the district court against Joseph S. Updegraff, to recover judgment upon certain promissory notes executed by Updegraff. On July 10th, 1885, judgment was pronounced in favor of the bank and against Updegraff in the sum of $2,390.54, but the judgment was not then entered of record. Updegraff died intestate during the month of April, 1903, and the plaintiff in error was appointed administrator of his estate on the 16th day of May, 1903. June 29th, 1903, was the day fixed by the administrator, through published notice, as the day for the presentation of claims against the estate. April 29th, 1904, the claim of the First National Bank was filed against the estate. The claim was based upon a transcript of the judgment docket of the district court showing a judgment in favor of the bank and against Updegraff, rendered July 10th, 1885, in the sum of $2,390.54. To the amount as shown by this transcript was added $4,255.16 as interest upon the judgment, less certain credits

34

given upon the judgment, amounting to the sum of $140.00, the amount claimed to be due at the time of filing being $6,505.70.

No notice of the filing of this claim was given the administrator. An order of the county court entered of record November 8th, 1905, recites that the claim of the bank for the sum of $6,505.70 is disallowed, and that the clerk is directed to notify the claimant of the action of the administrator. On April 24th, 1906, notice was served upon the administrator that it was the intention of the bank to present its claim for allowance on May 5th, 1906. The hearing on the claim occurred on May 6th, 1906, and following days, and, at the conclusion of the claimant's testimony, the administrator moved for a nonsuit, and, on May 15th, the claim was allowed in the sum of $7,214.00, as a claim of the fourth class.

From the judgment, the administrator appeals.

On the hearing, the claimant offered in evidence the claim filed in 1904, also a transcript of the proceedings in the district court in a suit begun in 1885 that culminated in a judgment being entered against Joseph S. Updegraff and in favor of the First National Bank of Central City in the sum of $2,390.54, on the 17th of January, 1906, *nunc pro tunc* for and as of July 10th, 1885. The administrator objected to the introduction of the claim, and to the transcript of the proceedings of the district court, but his objections were overruled.

Section 4787, Mills' Ann. Stats., provides that: "The manner of exhibiting claims against estates shall be by filing in the county court the account, or instrument of writing, or an exemplification of the record whereon such claim is founded. Formal pleadings shall in no case be required; but the issue shall be formed, heard and determined in the same manner as in actions before justices of the peace."

The basis of the claim here is a judgment of the district court. The statute requires that "an exemplification of the record whereon the claim ·is founded," shall be filed in the county court. The filing of the transcript of the judgment docket does not comply with the statute. A mere memorandum, such as the clerk makes on the judgment docket, cannot be regarded as an exemplification of the record. Moreover, the claimant, when it offered proof· in support of its claim, showed that there was no judgment entered of record until January 17, 1906; and, of course, as there was no record, there could be no exemplification of it filed. It follows, also, that the account filed in 1904, purporting to be a transcript of the judgment docket was proved by the claimant to have been wrongly made by the clerk of the district court, because, as there was no judgment entered, there could not be a correct entry in the judgment docket.

As the claim was not properly exhibited to the county court within one year from the granting of letters of administration, the court erred in allowing the claim, and the judgment must be reversed for that reason.

The case, *Hobson v. Hobson,* 40 Colo. 332, holds that the administrator is not required to specify objections to a claim, but that such objection as he may have to the allowance of a claim may be orally interposed at any time before or at the hearing. Therefore, there was no waiver of the objection by the administrator, and, as he objected to the allowance of the claim before and at the hearing, such objections as he made may be properly considered by us upon this review. Section 4784, Mills' Ann. Stats., permits claimants to exhibit claims after the day fixed by the administrator, upon giving "ten days' notice of the time they intend to present the

same, with a copy of the account, or instrument of writing, whereon such claim is founded." No notice was given of the intention to exhibit this claim within one year from the grant of letters, and, as the administrator did not waive the notice, but objected to the allowance upon the ground, among others, that the claim was not exhibited in the said estate according to law within the time provided by law.

The claim was not exhibited until notice was given as required by statute, and as notice was not served until after the expiration of one year from the granting of letters, it was barred by the fourth subdivision of section 4780, Mills' Ann. Stats.— *Loveland v. Bank,* 25 Colo. 499, wherein is cited, with approval, *Metz v. People,* 6 Col. App. 57.

The mere filing of the claim in the county court did not arrest the running of the general statute of limitations *(Hobson v. Hobson, supra),* and, at the time the claim was exhibited, a period of more than twenty years had elapsed since the rendition of the judgment.

There are very many interesting questions, many of them complicated and involved, growing out of this controversy. We shall not discuss them, preferring to rest our judgment upon the proposition that the claim was barred by the statute of nonclaim.

Judgment reversed.                    *Reversed.*

Mr. JUSTICE GABBERT and Mr. JUSTICE HILL concur.