[No. 6409.]

# The Gordon-Tiger Mining and Reduction Company v. Loomer.

1. **Intervention—Who May Intervene**—One who purchases, from the heirs of a decedent, real estate of which said decedent died seized, is entitled to intervene in the county court, to oppose the allowance of a claim presented against the estate of such decedent.—(413)

2. **Administration — Exhibition of Claims**— Where a claim against the estate of a decedent consists in his promissory notes, the notes themselves must be filed in the county court in which administration is pending. The filing of a list or statement of the notes is not a compliance with the statute (Laws 1903, c. 181, sec. 126; Rev. Stats., sec. 7212) and has no effect to stay the operation of the statute of limitations.—(413, 414, 417)

3. ——**Statute of Limitations**—A claim, even for expenses of administration, not presented until after the lapse of six years from its maturity, is barred by the general statute of limitation.—(414)

A promise of the administrator to look after the claim and bring it forward, has no effect to stay the course of the statute.—(417)

4. ——**Claims Against the Estate—Expenses**—Expenses incurred in the settlement of the estate are claims of the second class.—(415)

5. ——**Statute of Non-Claim**—The statute of non-claim (Rev. Stats., sec. 7210) has no application to expenses of administration.—(415)

6. ——**Administrator Continuing Business of Deceased**— Where the decedent was engaged in merchandising, his personal representative may, under order of the court, continue such business for a sufficient time to advantageously close it up; and may, under such authority, purchase additional merchandise to render the stock salable.—(415)

Liabilities incurred in such purchase constitute a claim of the second class. The statute of non-claim has no application thereto.—(415)

But an order of the court to carry on a mercantile business, and replenish the stock as occasion may require, carries no implied authority to borrow money, and a loan made in such case is not a claim against the estate.—(415, 416)

7. **Administrator—Powers and Duties**—The administrator cannot act as counsel for those who exhibit claims against the estate. It is his duty to protect the estate.—(417)

8.   Evidence—Variance—Promissory notes had been executed by the administrator without authority, for moneys borrowed to carry on the business of the decedent, pursuant to an order of the court. A statement of the debts and amounts of the notes had been filed as a claim against the estate. The notes themselves were admitted in evidence at the hearing, without objection. The supreme court, on appeal, treated the claim as one for money borrowed by the administrator to put into the business of the decedent, carried on by him under an order of the court. —(415, 416)

*Appeal from Lake District Court*—Hon. CHARLES CAVENDER, Judge.

Upon payment of her seven promissory notes aggregating $2,265.00, with interest at 2½ per cent. per month payable monthly, and all future advances made by him to her in the business, appellee T. D. Loomer, March 21, 1889, contracted in writing to sell to Belinda H. Brown his second-hand store in Leadville. She entered into possession under the contract and carried on the business until July 3, 1892, when she died intestate, leaving, as her only heirs at law, a number of children, and her husband S. P. Brown, who was appointed administrator of her estate August 3, 1892. She only paid $600.00 of the purchase price, being two of said notes. Loomer loaned her money to carry on the business, taking her eight promissory notes therefor. Loomer did not file in the county court a claim against the estate before September 9, 1903, more than one year after the appointment of the administrator, when he prepared and filed a verified statement of the notes. This paper bears the following endorsement: "County Court, Lake County, claim of $5,760. *T. D. Loomer v. The Estate of B. H. Brown, deceased.* Filed Sept. 9, A. D. 1893. William H. Nash, Clerk." The administrator carried on the second-hand store over four years, at a loss, before closing it out. Loomer loaned him money, which he put into the business,

taking his six promissory notes therefor signed "S. P. Brown, agent." Loomer contends these are also claims against the estate. August 12, 1898, Brown was removed, and Loomer appointed administrator *de bonis non.* December 12, 1900, the court records recite that Loomer presented his claim against the estate for allowance, duly verified and filed therein. It was allowed May 5, 1902, in the sum of $24,718.78. This judgment was set aside. A second trial resulted in disallowing the claim, and Loomer appealed to the district court.

Mrs. Brown, at her death, owned an undivided one-third of the Gordon and Bengal Tiger mining lode locations. In April, 1900, The Gordon-Tiger Mining and Reduction Company, appellant, contracted to pay $200,000.00 for said property, of which $50,000.00 was advanced. At this time, it will be noticed, Loomer had neither filed his notes in, nor presented a claim for allowance to the court. Neither had the *nunc pro tunc* order, hereinafter mentioned, been filed.

Appellant intervened in the district court, and defended against the claim. August, 1904, claimant procured in the county court the following *nunc pro tunc* order:

"It is therefore now considered and ordered by the court, that the said Smith P. Brown, as administrator of the said estate of Belinda H. Brown, late of the County of Lake, in the State of Colorado, deceased, continue the second-hand and mercantile business of the said estate in the City of Leadville, County of Lake and State of Colorado, and replenish the stock of the said business as necessity shall require to make the whole more salable, until the whole can be sold to the best advantage, and report his proceedings therein to the Court. And that the same be entered and recorded in the journal of said court

as of the 3rd day of August, A. D. 1892, the date of said order.

"Wm. H. Harrison, Judge of the County Court of Lake County, Colorado."

At the trial, July 16, 1907, the district court admitted said order in evidence. Loomer introduced the claim filed September 9, 1893, and the notes, of which the following is a statement:

Ex. E.   Mar. 21, 1889, Int. $2\frac{1}{2}$%, per month, $ 300.00
Ex. E1.  Mar. 21, 1889, Int. $2\frac{1}{2}$%, per month,   300.00
Ex. E2.  Mar. 21, 1889, Int. $2\frac{1}{2}$%, per month,   300.00
Ex. E3.  Mar. 21, 1889, Int. $2\frac{1}{2}$%, per month,   300.00
Ex. E4.  Mar. 21, 1889, Int. $2\frac{1}{2}$%, per month,   300.00

Ex. E5.  Dec.  1, 1889, Int. 2% per month, $ 250.00
Ex. E6.  May  1, 1890, Int. 2% per month,  1100.00
Ex. E7.  June 20, 1890, Int. 3% per month,   400.00
Ex. E8.  May  2, 1890,                       600.00
Ex. E9.  July 21, 1890, Int. $1\frac{1}{2}$% per month,   600.00
Ex. H.   Sept. 14, 1891, Int. $1\frac{1}{2}$% per month,   300.00
Ex. H1.  Sept. 14, 1891, Int. $1\frac{1}{2}$% per month,   300.00
Ex. H2.  Sept. 14, 1891, Int. $1\frac{1}{2}$% per month,   200.00

Ex. H3.  Sept. 10, 1892, Int. $1\frac{1}{2}$% per month, $450.00
Ex. H4.  Oct. 15, 1892, Int. 2%  per month,   448.00
Ex. H5.  Oct. 15, 1892, Int. 2%  per month,   400.00
Ex. H6.  Mar. 28, 1893, Int. $1\frac{1}{2}$% per month,   210.00
Ex. H7.  April 8, 1893, Int. $1\frac{1}{2}$% per month,   100.00
Ex. H8.  April 24, 1893, Int. $1\frac{1}{2}$% per month,   150.00

The district court disallowed all the notes given by the decedent; but allowed $3,210.71 of the claim, being a sum equal to the face of the notes given by S. P. Brown, agent, while he was administrator, plus 8% interest.

Messrs. TALBOT, DENISON & WADLEY for appellant.

Messrs. JOHNSON & JOHNSON for appellee.

Mr. JUSTICE GARRIGUES delivered the opinion of the court:

1.   The objection to appellant's right to intervene cannot be sustained.  Appellant acquired from the decedent's heirs, her interest in the real estate, which might be jeopardized by the allowance of claims against the estate.  This was sufficient to authorize appellant to intervene and defend against the claim.

2.   By our statute, demands "against the estate" of a decedent are divided into four classes: First, where the administrator has received money as such, his administrator shall pay out of his estate the amount thus received.  Second, funeral expenses, physician's bill, expense of last illness, and expenses of administration and settlement of the estate.   Third, widow's allowance.   All other debts and demands which shall be filed in the county court within one year after the granting of letters, are the fourth class, and all demands of this class not filed within one year, as aforesaid, are forever barred, except as to property not inventoried.  The manner of exhibiting a claim against the estate, is by filing in the county court the account or instrument of writing on which it is founded.  The administrator must fix a day, within six months from the granting of letters, for settling claims against the estate, and give notice thereof.  On the day named, persons having claims against the estate, may present them to the court for allowance.  If no objection is made, the claimant shall be required to swear that such claim is just and unpaid; after which, it may be allowed. If objection is made, the claim shall be adjudicated. If a claimant fails to file and present his claim on presentment day, he may, nevertheless, at any time within one year from the granting of letters, file his claim, and present it to the court for allowance upon giving the administrator ten days' notice.

The notes given by the decedent were not filed in the county court within one year from the granting of letters of administration. They were never filed in the county court, and are barred by the statute of non-claims. The notes are the basis of the claim, and should have been filed in the county court within a year from the granting of letters. They are the instruments of writing upon which the claim is founded, and filing a statement of them does not comply with the law.—*Hobson v. Hobson,* 40 Colo. 332.

3. Section 7211, R. S. 1908, provides: The filing and docketing of a claim against the estate, as provided by the law of the state in relation to probate matters and the administration of estates, shall stop the running of the statute of limitations. Prior to the passage of the statute in 1907, there may have been uncertainty whether it was the filing or presenting a claim to the court for allowance, that stopped the running of the six years statute of limitations; but it makes no difference in this case, for, as we have said, the notes were never filed in the county court A claim was filed September 9, 1893; but it was not *the* claim. The notes were the claim, and filing of a statement of them, was not filing the claim. To be the claim, it must be filed as provided by the law relating to probate matters. No claim was brought before the county court for allowance, before December 12, 1900, about eight years after the cause of action accrued on the last note. These notes were barred by the general six years statute of limitations.

4. A more difficult question is presented by the notes given by S. P. Brown to the appellee. Counsel for appellant contend that only debts of the decedent—that is, contracted by her during her life—are claims against the estate. This is no longer an open question. By our statute and the decision of this

court, expenses incurred in settlement of the estate, are claims against the estate, of the second class.— *Fidelity and Guaranty Co. v. People,* 44 Colo. 557.

5. Counsel for appellant further contend that the statute of non-claims applies to claims of the second class. The statute of non-claims, according to *Fidelity and Guaranty Co. v. People, supra,* only applies to claims of the fourth class; at least, if this statement is too general, it is safe to say that the statute of non-claims does not apply to expenses incurred in the administration and settlement of the estate.

6. We are brought squarely to the question: Is this claim an expense incurred in the settlement of the estate? Generally speaking, an administrator may not continue the business of the decedent, nor use the assets of the estate for business purposes. To this rule, however, there are exceptions; as where the decedent was engaged in the mercantile or manufacturing business, his representative may, under order of court, carry on the business for a sufficient time to close it up. The administrator, if properly authorized, could continue the business for the purpose of disposing of the stock to advantage, and might purchase necessary merchandise to make the property more salable. Such purchases would constitute a proper claim of the second class in the settlement of the estate. A person from whom he bought goods could present the claim to the court for allowance, and the statute of non-claims, from the very nature of the transaction, would not apply.

7. The administrator was unauthorized to make these notes, and they are not claims against the estate. The district court so held, but failed to say upon what theory it arrived at the amount of the judgment. The suggestion is made, it allowed the claim for borrowed money, or money advanced— had and received—which the administrator put into

the business, to which was added statutory interest, upon the theory that one receiving the benefit of an unauthorized note is liable, not upon the note, but for the benefit received. The claim filed and presented was a statement of the notes, they were simply introduced in evidence in support of the claim. As no objection, however, was made to the variance in the court below, we will treat the claim as one for borrowed money put into the business.

8. The order of the county court is, that the administrator continue the second-hand business, and replenish the stock as necessity may require, to make the whole more salable. There is a great difference between buying goods for the purpose of replenishing short stock while closing out, and borrowing money to put into the business. This case is a practical illustration: the purchase price of the store was $2,265.00; while she ran it, she borrowed from Loomer $3,750.00 to put in the business. At her death it inventoried only $1,062.95. The administrator borrowed from the claimant $1,758.00 which he put into the business; in other words, he borrowed to put in the business, $695.05 more than the total value of the stock. No such condition would have arisen had he conducted the business temporarily, for the purpose of closing it out, and only bought the goods necessary for that purpose. The county court gave him no authority to borrow money to put into the business; it would have been a remarkable exercise of power. The order to continue the business, carried with it no implied power to borrow money on which to do business. The claim for borrowed money, is not a claim against the estate, because not incurred in the settlement of the estate.

9. The county court record recites that the claim of T. D. Loomer was presented December 12, 1900. The last note fell due October 24, 1893. More

than six years elapsed after the maturity of these notes before any action was taken for their collection. They were barred by the general statute of limitations. Counsel contend that filing a statement of the notes September 9, 1903, stopped the running of the statute. The mere filing of a statement of notes, is not filing the claim, and does not bar the running of the statute.—*Hobson v. Hobson,* 40 Colo. 332; *Alvater v. First National Bank,* 45 Colo. 528.

10. Admitting the administrator was carrying on the business for the purpose of settling the estate under an order of the county court which impliedly authorized him to borrow money, we think the general six-year statute of limitations applies to the claim. From the date of the last item to presenting the claim in the county court, is seven years, seven months and eighteen days; during which time nothing was done towards collecting the claim. If some wholesale house had sold goods to the administrator, and for seven years from the date of the last item, failed to take proper steps to collect the account, the general statute of limitations would run against it. We know of no reason why borrowed money should be governed by any different rule.

Claimant contends that the statute does not apply, because, he says, the administrator promised to look after the claim for him, and to bring it forward in his account on final settlement. This, if true, does not help him. Administrators cannot act as counsel for claimants. It is the duty of the administrator to look after the estate, and claimants must procure counsel elsewhere, if they wish any.—*Hobson v. Hobson,* 40 Colo. 332.

The case is remanded with direction to the district court to dismiss it at claimant's cost.

*Reversed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE MUSSER concur.                                      27