[No. 7799.]

THE GERMAN AMERICAN TRUST COMPANY v. THE NATIONAL SURETY COMPANY.

EXECUTORS AND ADMINISTRATORS—*Exhibition of Claims—What is the Foundation of the Claim*—The surety in an appeal bond pays to the appellee the judgment which appellee has recovered against the appellant. The claim of the surety against the estate of the appellant is not founded upon the judgment, but upon the obligatory payment. It is not required that an exemplification of the judgment should be filed in order to the proper presentation of the claim.

*Error to Denver District Court.*—Hon. GEORGE W. ALLEN, Judge.

Messrs. STOKES & SHERMAN, Messrs. WHITFORD & MAY, for plaintiff in error.

Mr. GEORGE Q. RICHMOND, for defendant in error.

Mr. JUSTICE GARRIGUES delivered the opinion of the court:

This action involves the presentation and allowance of a claim against the estate of Paul E. Tarbel, deceased.

1. Dennis Sullivan began an action in the county court which resulted in a judgment against Tarbel in the sum of $630. Tarbel appealed the case to the district court and the National Surety Company, defendant in error here, at his request became surety on the appeal bond. Tarbel died during the pendency of the appeal, and the German American Trust Company, plaintiff in error, was appointed executor of his estate and substituted as defendant in the district court. Thereafter the case was dismissed for want of prosecution, and a writ of *procedendo* issued to the county court directing it to proceed on the judgment. Sullivan then presented a transcript of the judgment docket to the surety company, and demanded from it the amount due under the judgment, on the appeal bond. The surety company, after investigating the matter of its liability, and being satisfied

that the claim was legal and valid, paid the amount to Sullivan and took an assignment of the judgment, which was written on the back of the transcript. The surety company then filed a claim with the county court on the usual blank form provided for that purpose, for the amount of money so paid Sullivan, to which claim was attached the transcript of the judgment docket bearing the written assignment. The executor contested this claim; but on the trial of the issue it was allowed against the estate. On appeal to the district court, judgment was again entered in favor of the surety company, and plaintiff in error brings the case here for review.

2. The only objection urged against the allowance of the claim, is that it was not exhibited in the county court in the manner provided by section 7212 R. S. 1908, within one year. The executor contends the claim is founded upon a judgment against the deceased, and that the manner of exhibiting it, was by filing in the county court an exemplification of the record of the judgment. In support of this contention, we are referred to *Hobson v. Hobson,* 40 Colo. 336, 91 Pac. 929, and *Altvater v. National Bank,* 45 Colo. 531, 103 Pac. 378.

The letters of administration were issued February 21, 1910. The claim was filed in the county court October 28, 1910, and an order entered February 20, 1911, setting it for hearing March 3, 1911; so there can be no question about the time, if it was properly exhibited. We do not agree with the contention of plaintiff in error, that this claim is founded upon a judgment, within the meaning of the statute requiring an exemplification of the record; therefore, the cases cited, are not in point. In *Hobson v. Hobson,* the claim was based upon a promissory note which had not been filed with the court. In the *Altvater* case, the claim was founded upon a judgment rendered against the deceased, which the judgment creditor was seeking to collect against the estate. The court held in such a case, a transcript of the judgment docket did not

comply with the statute requiring an exemplification of the record on which the claim was founded, to be exhibited. That case would be controlling here if Sullivan was seeking to enforce his judgment against Tarbel, as a claim against the estate. In this case, defendant in error became surety for deceased during his lifetime, and. as such paid the amount due under the obligation, which it presented as a claim against the estate. It is not seeking to enforce a judgment against Tarbel, but to recover the money paid out under its obligation as surety. The transcript of the judgment docket, and the assignment of the judgment thereon, were not the claim, but were evidentiary, attached to inform the executor for what purpose the money had been advanced. The judgment of the lower court will be affirmed.

*Affirmed.*

Chief Justice Musser and Mr. Justice Scott concur.