AMY G. HEMENWAY & others *vs.* GEORGE M. HARRIGAN & another.

Middlesex.   November 14, 1933. — June 26, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Executor and Administrator*, Bond, Distribution, Accounts. *Probate Court*, Decree, Petition in equity to enforce bond.

An administrator of an estate, appointed on January 22, 1931, filed an account, denominated "the first account," covering a period from January 21, 1931, to January 21, 1932. It showed no payment of taxes or expenses of administration and did not purport to be a final account. It was allowed by a decree dated May 9, 1932, and on the same day there was allowed after hearing a petition by the next of kin for distribution, and there was entered a decree directing distribution to the next of kin of the balance shown by schedule C of the account to be in the hands of the administrator. No appeal was taken from the decrees, but the administrator filed a petition for their revocation which, after a hearing lasting three days, was dismissed by a decree from which no appeal was taken seasonably. A subsequent petition for leave to appeal late was denied. Upon a refusal by the administrator to make the distribution ordered, the next of kin, by a petition in the Probate Court under G. L. (Ter. Ed.) c. 205, § 7A, sought to enforce liability upon the administrator's bond, and a decree was entered in their favor. The administrator appealed. *Held*, that

(1) The administrator had had his day in court on all matters relating to his account and distribution;

(2) The petition under said § 7A was separate and distinct from the proceedings on the account and with respect to distribution;

(3) The propriety of the decree on the account and of the decree ordering distribution could not be questioned upon the present appeal;

(4) No reversible error was shown.

PETITION, filed in the Probate Court for the county of Middlesex on June 9, 1932, seeking enforcement of the bond

of George M. Harrigan, administrator of the estate of Frank Barnard, late of Lowell, upon which the Maryland Casualty Company was surety.

The petition was heard by *Campbell,* J. The evidence was reported. Material facts and evidence are described in the opinion.

A final decree was entered directing "that the obligations of said bond be enforced by the payment by said respondents to said petitioners of the sum of" $30,446.79 and interest thereon from May 9, 1932, to May 31, 1933, in the sum of $2,714.53. The respondents appealed.

*R. H. Lee,* for the respondent George M. Harrigan.

*G. F. Garrity,* for the petitioners, submitted a brief.

RUGG, C.J. This is a suit brought in the Probate Court under G. L. (Ter. Ed.) c. 205, § 7A, to enforce directly the obligation of an administrator's bond. The petitioners, the next of kin of the intestate, are distributees under a decree entered on May 9, 1932. The respondents are the administrator, hereafter called the respondent, who is the principal on the bond and the only party prosecuting the present appeal, and the surety on the bond, who waived its appeal. See *Murray* v. *Massachusetts Bonding & Ins. Co.* 283 Mass. 15.

The facts pertinent to this decision are these: The respondent was appointed administrator of the estate of the intestate on January 22, 1931. He gave a bond with surety in statutory form. One of the obligations thereby assumed by him was to "pay to such persons as said Court may direct, any balance remaining in his hands, upon the settlement of his accounts." He filed an account for the period from January 21, 1931, to January 21, 1932. That account showed a balance of $46,676.75 in his hands. It showed no payment of taxes or expenses of administration and did not purport to be a final account. It was described in its body as "the first account." It was allowed by decree entered on May 9, 1932. On the same day there was allowed after hearing the petition of the next of kin for distribution. A decree was entered ordering the distribution of the balance of $46,676.75 shown by the account to the next of kin, the present petitioners. No appeal was taken from those decrees, but the

respondent petitioned the Probate Court to revoke them. After a hearing lasting three days, a decree was entered dismissing that petition. No appeal from that decree was prosecuted. The respondent petitioned under G. L. (Ter. Ed.) c. 215, § 15, (see now St. 1933, c. 300, § 1,) for leave to appeal late from the decree of May 9, 1932. That petition was denied. Payment of the distributive shares to the petitioners was refused after demand.

On these facts taken at their face value it is manifest that there has been breach by the respondent of the obligation of the bond already quoted. He has failed to pay the balance shown by the account to be in his hands to the persons to whom he was directed to pay it by the decree of May 9, 1932. The respondent contends that the account ought not to bind him because (1) it omits from its schedule B (showing payments) any reference to taxes or to charges of administration, and (2) it fails to show that a part of the balance in schedule C was deposited in a failed bank and hence was not available for distribution. The account was the act of the respondent and sworn to by him, and if corrections were needed to make it accurate it was in his power to make such corrections by seasonable proceedings to that end. His real complaint is that the decree for distribution could not rightly have been founded on such an account and was therefore erroneous. The respondent might have had errors reviewed by appeal. No appeal was taken. The respondent had a full and sufficient hearing on all these matters on his petition for the revocation of the decrees of May 9, 1932. All the facts now urged were set forth adequately in that petition. The time devoted to that hearing indicates that there must have been as complete an investigation into the facts as the respondent desired. The finding on that petition was adverse to the present respondent. No appeal was prosecuted from the decree pursuant to that finding. The respondent has had his day in court on all these matters. Those proceedings raised in direct form the issues here sought to be tried again. A surety cannot successfully meet an action on a probate bond by a judgment creditor by raising a defence which was heard on the merits at the time judgment was rendered

against the administrator or executor who is the principal on the bond. *Heard* v. *Lodge,* 20 Pick. 53. *McKim* v. *Haley,* 173 Mass. 112. In *Choate* v. *Jacobs,* 136 Mass. 297, an administrator's account was settled by a decree granting an allowance to the widow. This was not paid. In an action of contract on the probate bond brought for the benefit of the widow, the surety tried to defend by offering evidence of gross negligence of the administrator as a means of showing the decree was erroneous. The court excluded the evidence and refused to allow such a collateral attack upon the decree. In *White* v. *Weatherbee,* 126 Mass. 450, an authority to the same effect, it was stated at page 452: "This being so, it is also clear that his sureties cannot raise the question. The obligation which they have assumed is that their principal shall pay any balance in his hands to such persons as the Probate Court shall direct. His failure to make payment according to the decree of the Probate Court is a breach of the administration bond. Such decree is conclusive upon the sureties, and they cannot impeach it collaterally."

It cannot rightly be held that either or both of the decrees of May 9, 1932, show invalidity on their face and hence are not enforceable. They are in due form. The essence of the argument of the respondent depends for its force and weight upon extrinsic facts. Findings as to those extrinsic facts have been made against him by a court of competent jurisdiction.

The present suit is separate and distinct from proceedings on the account and with respect to distribution. It was not within the jurisdiction of the Probate Court to entertain a suit like the present until the enactment of St. 1922, c. 512, now G. L. (Ter. Ed.) c. 205, § 7A. The circumstance that this suit happens to be pending in the same court wherein were entered the decrees allowing the account and the order for distribution, does not alter the applicable principles of law or affect the pertinency of the decisions already summarized which were rendered in actions at law on probate bonds. In this case as in those, the obligor on the bond has had ample opportunity to be heard on the merits of his contentions. In enacting

St. 1922, c. 512, the General Court did not disclose an intent to multiply trials upon the same issues or to give to respondents the right to raise defences already considered and determined in earlier proceedings. That statute provides in part that: "In addition to other remedies, the obligations of the several bonds provided for in this chapter may be enforced directly by any party interested in his own name by petition in equity in the probate court." The obvious purpose of this provision is to afford a speedier and more direct remedy to creditors and beneficiaries who no longer need to secure a judgment against the administrator or other fiduciary as a step preliminary to enforcing the obligation of the bond. It may be that commonly in suits under this part of the statute there has been no prior adjudication of the merits of the administrator's contention and that therefore the party plaintiff must prove his case on all points in order to show a breach of the bond. It does not follow that, if a judgment creditor or beneficiary under a decree of distribution sees fit to pursue his remedy on the bond under this statutory provision rather than by an action at law, the respondents may secure a second hearing of their contentions already presented to the court which rendered the judgment or decree. Such collateral attack is contrary to sound legal principles of procedure.

The conclusion is that the decrees of May 9, 1932, allowing the account and making order of distribution, must stand. The respondent has had every opportunity to make his defence respecting the issues settled by those decrees. Attack upon them in this suit is open to the objections which forbid collateral attack on decisions rendered by courts of superior and general jurisdiction after hearing. *Farquhar* v. *New England Trust Co.* 261 Mass. 209, 212–213. *Judge* v. *National Security Bank of Boston,* 272 Mass. 286, 289. *Brackett* v. *Fuller,* 279 Mass. 62, 70.

It is not necessary to examine in detail the offers of proof or requests for instructions. No reversible error is disclosed on this record.

*Decrees affirmed.*