STANDARD RUBBER COMPANY *vs.* MARY ELLA CARBERRY, administratrix, & another.

LEONARD P. BOSWORTH *vs.* SAME.

Norfolk.    November 9, 10, 1936. — February 23, 1937.

Present: RUGG, C.J., PIERCE, FIELD, DONAHUE, & QUA, JJ.

*Executor and Administrator*, Bond, Claims against estate, Insolvent estate. *Probate Court*, Petition in equity to enforce bond. *Res Judicata. Surety.*

A proceeding in equity in a probate court under G. L. (Ter. Ed.) c. 205, § 7A, to enforce the obligations of an administrator and surety upon a probate bond is governed by the principles which would apply to an action at law upon the bond. Per QUA, J.

A purchase by an administrator, authorized by a decree of the Probate Court to carry on the business of the decedent, of merchandise necessary for that purpose justified a finding that the debt so incurred was expense of administration of the estate, and was a preferred claim against the estate.

The allowance of a first and final account of an administrator showing disbursement of the entire estate in payment of preferred claims was no defence to a proceeding against him and his surety under G. L. (Ter. Ed.) c. 205, § 7A, to enforce his bond, brought by a preferred creditor who had reduced his claim to a judgment after the estate had been adjudicated insolvent in proceedings which the administrator had not completed.

The surety on the bond of an administrator had no right to rely, in defence to a proceeding under G. L. (Ter. Ed.) c. 205, § 7A, by a judg-

ment creditor to enforce the bond, upon the short statute of limitations, where it appeared that such defence had been raised and determined against the administrator at the trial of the action resulting in the judgment.

Two PETITIONS IN EQUITY, filed in the Probate Court for the county of Norfolk on December 26, 1935, under G. L. (Ter. Ed.) c. 205, § 7A.

The petitions were heard by *McCoole*, J. Besides the facts recited in the opinion, it appeared from the pleadings and the findings by the judge that William F. Carberry died intestate on April 6, 1931; that the defendant Carberry was appointed administratrix on April 13, 1931, and two days later was given leave by a decree of the Probate Court to carry on the business of the decedent; that in the course of doing so the merchandise which formed the basis of the claims of the petitioners was sold to the administratrix; that after such purchases the estate was represented insolvent and commissioners in insolvency were appointed; that they filed a report, but that the administratrix proceeded no further thereafter in the insolvency proceedings and did not ask for a decree of distribution; and that subsequent to the adjudication* of insolvency the petitioners on March 16, 1933, began the actions against the administratrix in the District Court of Northern Norfolk described in the opinion.

In the Probate Court, decrees were entered establishing a breach of the administratrix's bond and directing payment to the petitioner Standard Rubber Company of $778.19 and to the petitioner Bosworth of $92.98. The respondent Great American Indemnity Company, surety on the bond, appealed.

*E. R. Langenbach*, for the Great American Indemnity Company.

*R. B. Heavens*, (*H. A. Baker* with him,) for the petitioners.

QUA, J. These are petitions in equity brought in the Probate Court under G. L. (Ter. Ed.) c. 205, § 7A, to en-

---

* The date of the adjudication of insolvency was not stated in the record otherwise than that it was after the debts to the petitioners were contracted and before the actions were brought in the District Court; but both parties stated in their briefs that it was in April, 1932, the respondent company stating that it was on April 4. — REPORTER.

force the obligations of the respondent Carberry as principal and of the respondent Great American Indemnity Company as surety on the bond of said Carberry as administratrix of the estate of William F. Carberry, deceased. Formerly such obligations could have been enforced only by action at law upon the bond, and this proceeding is governed by the principles which would apply to such an action. *Hemenway* v. *Harrigan*, 287 Mass. 149, 152.

Before they filed their petitions the petitioners had severally recovered judgment against the respondent Carberry as administratrix, and she had neglected upon demand to pay the same or to exhibit property of the estate upon which the executions could be levied. See G. L. (Ter. Ed.) c. 205, §§ 20–23; c. 205, §§ 1, 7A; and c. 198, § 1. The Probate Court held that this was a breach of the bond in each instance and ordered the respondents to pay the amounts of the original executions and that executions issue from the Probate Court therefor. It becomes necessary on this appeal to deal with certain alleged defences urged by the respondent surety. We have considered only matters argued.

After the judgments against her in the law actions, the administratrix filed and, after notice, procured allowance by the court of a "First and Final Account" wherein it appears that all the assets of the estate were exhausted by various losses and by the payment of charges of administration and of various preferred claims, but in which nothing appears to have been paid to the judgment creditors. "The account was intended by the administratrix to show an exhaustion of all the assets of the estate by payments to preferred creditors." The surety argues that the allowance of this account is a defence, citing G. L. (Ter. Ed.) c. 197, § 5.

*Prima facie*, failure to pay an execution on demand is a breach of the bond, though a final adjudication of insolvency of the estate would be a defence. *Harmon* v. *Sweet*, 221 Mass. 587, 591. *Chamberlain* v. *Barrows*, 282 Mass. 295. *McKim* v. *Roosa*, 183 Mass. 510. That indicates the nature of the bond which under this proceeding the petitioners are entitled to enforce. The fatal difficulty

with the surety's contention as applied to this case is that the defence based upon the allowance of an account showing exhaustion of the estate in paying preferred claims is merely an alternative or substitute for the 'defence. based upon completion of insolvency proceedings, and is available, as the statute itself indicates, only against creditors who are not themselves entitled to preference. *Fuller* v. *Connelly*, 142 Mass. 227, 228. *Harmon* v. *Sweet*, 221 Mass. 587, 597. See *Keith* v. *Molineux*, 160 Mass. 499, 502; *McIntire* v. *Parker*, 195 Mass. 155. The claims of the petitioners were for truck tires sold to the administratrix in connection with a business which the court had authorized her to carry on and on notes "procured for a portion of the account." ' The business. necessitated the use of the trucks. The judge was justified in finding these charges to be expenses of administration and therefore preferred claims. G. L. (Ter. Ed.) c. 198, § 1. The Probate Court may authorize an administrator to continue the business of the deceased only "for the benefit of the estate for a period not exceeding one year." G. L. (Ter. Ed.) c. 195, § 7. Such continuance is therefore simply a part of the process of settling the estate. *Gordon-Tiger Mining & Reduction Co.* v.. *Loomer*, 50 Colo. 409, 415. *Reinstein* v. *Smith*, 65 Texas, 247. Why claims of this kind resulted in judgments against the administratrix as such does not appear. See *Anglo-American Direct Tea Trading Co.* v. *Seward*, 294 Mass. 349. But this does not affect their standing as preferred claims. The allowance of the account derives no added force as a defence from G. L. (Ter. Ed.) c. 206, § 23, as that section deals only with accounts showing payments to persons entitled to distributive shares in an estate. *Knowles* v. *Perkins*, 274 Mass. 27, 34. See *Moulton* v. *Thompson*, 291· Mass. 308, 312; G. L. (Ter. Ed.) c. 198, § 18.

The short statute of limitations is not a defence to this proceeding on the bond. It appears that the question whether that statute was a bar to the original actions at law was in fact fully litigated in the District Court. It cannot be tried out again in this proceeding, and the surety

is bound by the decision equally with the principal. *Dawes v. Shed,* 15 Mass. 6. *Robinson* v. *Hodge,* 117 Mass. 222. *Heard* v. *Lodge,* 20 Pick. 53. *McKim* v. *Haley,* 173 Mass. 112, 114. *Hemenway* v. *Harrigan,* 287 Mass. 149. In the first two cases just cited the defence had not in fact been litigated in the original action, but the implication is clear that if it had been the surety would have been bound.

As to the defence of laches, it is enough to say that if that defence is open in this proceeding, it is an issue of fact, and no facts are shown by the report requiring a finding of laches as matter of law. *Hawkes* v. *First National Bank of Greenfield,* 264 Mass. 538. *Alvord* v. *Bicknell,* 280 Mass. 567, 571.

*Decrees affirmed.*