MARJORIE W. CHASE, guardian, *vs.* WALTER E. FAULKNER & another.

MARJORIE W. CHASE, guardian, *vs.* SAME.

Hampden.    October 30, 1940. — November 25, 1940.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Guardian*, Bond.   *Probate Court*, Bond, Petition in equity to enforce bond, Parties.

On a petition in equity in a Probate Court under G. L. (Ter. Ed.) c. 205, § 7A, a ward may recover from a former guardian proper attorney's fees and expenses incurred in an attempt to compel him to account, in procuring his removal for failure to account, and in subsequent proceedings for the appointment of a new guardian and an accounting and transfer of the estate to the new guardian.

The mere fact that one who was removed as a guardian afterwards filed an account which was allowed by the Probate Court with the assent of his successor as guardian did not bar a petition by the ward under G. L. (Ter. Ed.) c. 205, § 7A, for attorney's fees and expenses incurred in attempting to compel the respondent to account before his removal, in procuring his removal for failure to account, in procuring the appointment of the new guardian, a transfer of the estate to him, and the final accounting by the respondent.

A petition under G. L. (Ter. Ed.) c. 205, § 7A, for "damages caused by neglect or maladministration" of a guardian in failing to account should be brought in the name of the ward.

TWO PETITIONS, filed in the Probate Court for the county of Hampden on January 13, 1937.

From decrees entered after a hearing by *Denison*, J., the respondents appealed.

The cases were submitted on briefs.

*A. R. Simpson*, for the respondents.

*C. H. Beckwith & D. J. Greeley*, for the petitioners.

QUA, J. These petitions in equity under G. L. (Ter. Ed.) c. 205, § 7A, are brought by the succeeding guardian of two minors against one Faulkner, the former guardian, and his surety to enforce the obligation of Faulkner's bonds.

The respondent Faulkner committed breaches of his bonds in failing to render accounts. Upon petition in the Probate

Court he was ordered to render them. When he failed to comply with the orders he was removed by the court. Thereafter petitions were filed for the appointment of a succeeding guardian, and eventually the present guardian, by whom these proceedings are brought, was appointed, and after several conferences Faulkner's final accounts, assented to by the petitioner, were filed and allowed, and the petitioner obtained the property of the wards. These successive steps imposed upon the estate of each ward charges for legal services and expenses which the Probate Court has now decreed that the respondents shall pay. The respondents appeal.

The third condition of a guardian's bond as set forth in G. L. (Ter. Ed.) c. 205, § 1 (6), requires him to render an account at least once a year, unless he is excused by the court. Sections 29 and 31 (Third) of the same chapter, when read together, provide that where an action at law is brought on the bond for a breach of the condition in not accounting execution shall be awarded not only for the full value of the estate "which has come to the hands" of the guardian "and for which he does not satisfactorily account" but also "for all damages caused by his neglect or maladministration." Thus in a proper case the recovery in an action upon the bond may include not only the sum for which the fiduciary is bound to account and has failed to account, but also consequential damages caused by the breach. See *Choate* v. *Arrington*, 116 Mass. 552, 555, 557. And inasmuch as that part of G. L. (Ter. Ed.) c. 205, § 7A, which permits the bringing of these petitions simply furnishes an alternative remedy to an action at law on the bond, the amount recoverable should be determined in the same manner. *Hemenway* v. *Harrigan*, 287 Mass. 149, 152, 153. *Standard Rubber Co.* v. *Carberry*, 296 Mass. 503, 505.

We see no reason why proper attorney's fees and expenses incurred in the attempt to compel the former guardian to account, in his removal required by his failure to account, and in the subsequent process of appointing a new guardian and procuring the accounting and transfer of the estate to the latter may not be found to be damages "caused" by

the "neglect or maladministration" of the former guardian. See *Forbes* v. *Allen*, 166 Mass. 569, 575; *McIntire* v. *Mower*, 204 Mass. 233, 236. In the cases at bar the petitioner is not seeking to recover counsel fees incurred in these same proceedings. She is seeking to recover under the statute fees and expenses incurred in former proceedings made necessary by the respondent Faulkner's breaches of his bonds. *Wheeler* v. *Hanson*, 161 Mass. 370, 376. *Sears* v. *Nahant*, 215 Mass. 234. *Stiles* v. *Municipal Council of Lowell*, 233 Mass. 174, 183, 184. *Malloy* v. *Carroll*, 287 Mass. 376, 384, 385, 386, 387.

The fact that the respondent Faulkner's accounts were finally allowed before these petitions were filed does not constitute a defence. The damages which are the subject matter of these petitions never were part of the estates of the wards in the hands of the former guardian. Those estates were the subject matter of the accounting. They were ultimately diminished by the fees and expenses resulting from Faulkner's breach, but his accounts could be prepared, balanced and allowed without dealing with those damages. See forms of accounts as prescribed by G. L. (Ter. Ed.) c. 206, §§ 2, 6. The wording of the statute itself (G. L. [Ter. Ed.] c. 205, § 31 [Third]) seems to imply a distinction between the estate which has come to the hands of the fiduciary for which he is to account and the damages recoverable for his neglect or maladministration. There is nothing to show that the accounts did in fact deal with such damages. We need not decide whether they could properly have dealt with them. See G. L. (Ter. Ed.) c. 206, § 4.

There is nothing in these cases which required the judge to find that the petitioner's final assent to the allowance of the respondent Faulkner's accounts after the latter had been removed and had at last been brought to an accounting by the legal proceedings hereinbefore narrated amounted to a waiver of his breaches of the bonds in not accounting voluntarily when he should have done so. Compare *Loring* v. *Kendall*, 1 Gray, 305, 314; *McKim* v. *Harwood*, 129 Mass. 75, 77; and *Forbes* v. *Keyes*, 193 Mass. 38, 42.

The principle that costs and expenses as between solicitor and client cannot be awarded under G. L. (Ter. Ed.) c. 215, § 45, after the final decree in the proceeding in which they arise has no application to these cases. See *Lucas* v. *Morse*, 139 Mass. 59; *Untersee* v. *Untersee*, 299 Mass. 417, 424; *Potter* v. *Mullaney*, 301 Mass. 497, 500. The petitioner is not here seeking costs or expenses which may be awarded "in the discretion of the court" under that section. She is seeking to recover as of right the damages allowed by statute for breach of the bonds.

These petitions are brought by the present guardian in her own name. We think that the wards themselves should have been the petitioners, though represented by their guardian. *Hicks* v. *Chapman*, 10 Allen, 463, 464, 465. *Richmond* v. *Adams National Bank*, 152 Mass. 359, 364. *Lombard* v. *Morse*, 155 Mass. 136. *Mee* v. *Fay*, 190 Mass. 40. But this difficulty is purely formal and may be readily cured by amendment.

In each case, if within sixty days after rescript the Probate Court shall have allowed an amendment substituting the ward as party petitioner, the decree is to be affirmed with such formal modifications only as are required by the change of party and with costs of the appeal. In each case, if such amendment is not allowed, the petition is to be dismissed.

*Ordered accordingly.*