[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Mark Dost, Administrator D.B.N. of the Estate of Bernice Demuro ("the estate"), initiated this action in his capacity as an individual having an interest in the estate. The plaintiff seeks to recover against defendant Mary Sharron Yorio [Yoril] for an alleged breach of Yorio's [Yoril's] fiduciary duties as a previous administrator of the estate. The action was brought against defendant Peerless Insurance Company ("Peerless") as surety for Yorio [Yoril].
On August 23, 1993, the defendant Peerless answered the plaintiff's complaint and filed a claim for a jury trial. The plaintiff moves to strike the case from the jury list, arguing that the action, as an action on a probate bond, is equitable in nature and, therefore, not triable by jury. The defendant has objected to the motion to strike from the jury docket, arguing that it has a right to a trial by jury protected under the constitution of Connecticut.
 "The constitution of Connecticut, article first, § 19, states that `[t]he right of trial by jury shall remain inviolate.' This particular provision of our constitution has been consistently construed by Connecticut courts to mean that if there was a right to a trial by jury at the time of the adoption of the provision, then that right remains intact. . . . It is generally held that the right to a jury trial "exists not only in cases in which it existed at common law and at the time of the adoption of constitutional provisions preserving it, but also exists in cases substantially similar thereto. . . ." . . . At common law, "legal claims [were] tried by a jury, [and] equitable claims [were] tried by a court . . . ." . . . Equitable actions, therefore, are not within the constitutional guarantee of trial by jury. . . .
 Moreover, General Statutes § 52-215, provides that as a matter of right "civil actions involving such an issue of fact as, prior to January 1, 1880, would not present a question properly cognizable in equity" should be entered on the docket as jury cases upon proper request. Section § 52-215 goes on to state that certain enumerated actions and "all other special statutory proceedings, which, prior to January 1, 1880, were not triable by jury," shall be tried to CT Page 11153 the court without a jury. . . . The test is whether the issue raised in the action is substantially of the same nature or is such an issue as prior to 1818 would have been triable to a jury." . . .
 Accordingly, in determining whether a party has a right to a trial by jury under the state constitution and § 52-215, the court must ascertain whether the action being tried is similar in nature to an action that could have been tried to a jury in 1818 when the state constitution was adopted. This test requires an inquiry as to whether the course of action has roots in the common law, and if so, whether the remedy involved was one in law or equity. If the action existed at common law and involved a legal remedy, the right to a jury trial exists and the legislature may not curtail that right either directly or indirectly. . . .
(Citations omitted; footnote omitted.) Skinner v. Angliker,211 Conn. 370, 374-76, 559 A.2d 701 (1989). The analysis of whether a plaintiff's cause of action is essentially equitable or legal, entitling the plaintiff to a jury trial, must be performed in the context of the entire pleadings. United States Trust Co. v.Bohart, 197 Conn. 34, 45, 495 A.2d 1034 (1985).
In other jurisdictions, unless otherwise required by statute, actions on probate bonds could only be brought at law. SeeStandard Rubber Co. v. Carberry, 296 Mass. 503, 6 N.E.2d 772
(1937) (at common law, actions on probate bonds are action at law, applying equitable principles); In re Willenbrock's Estate,290 N.W. 502, 228 Iowa 234 (1940) (same); Stanton v. Gailey,33 S.E.2d 747, 72 Ga. App. 292 (1945) (same); see also 34 C.J.S., Executors Administrators, § 980, p. 1210 (general rule is that "[i]n the absence of statute to the contrary, or of special circumstances making equitable considerations necessary . . . court of law have jurisdictions of actions to enforce liability on administrative bonds and such jurisdiction is usually considered exclusive").
Connecticut appears to be in conformance with the general rule. As early as 1823, actions on probate bonds for were tried before a jury. In the case Plant v. McEwen, 4 Conn. 544, 545
(1823), an appeal from an action to enforce a probate bond for a breach of the executor's duty of trust, the supreme court notes CT Page 11154 without comment that the case was tried to a jury. Other early supreme court cases, hearing appeals from action to enforce probate bonds, also note without comment that the cases were tried before a jury. See Booth v. Patrick, 8 Conn. 105, 107
(1829); State ex. rel. Lynch v. Whitehouse, 80 Conn. 111, 115,67 A. 503 (1907). In a related scenario, "[a]n action by a beneficiary claiming damages from trustee for his breach of duty in refusing to pay or deliver the trust fund or in making improper investments is one at law, triable by jury." Dettenbornv. Hartford-National Bank Trust Co., 121 Conn. 388, 393,185 A. 82 (1936); see also United States Trust Co. v. Bohart, supra,197 Conn. 46 (characterizing an action seeking money damages for alleged negligence in the management of the trust as an action providing basis for jury claim).
Accordingly, prior to January 1, 1880, the action on a probate bond was properly brought at law and tried before a jury. Therefore, the plaintiff's motion to strike the case from the jury docket is denied.
/s/ Sylvester, J. SYLVESTER
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.]
CT Page 11157